MARY M. HAMILTON, Respondent, *v.* JEREMIAH VAN RENSSE-
LAER, Appellant.

Where the defendant guaranteed "the punctual payment of the interest"
upon a bond payable in six years and six months from date with
interest semi-annually.—*Held*, that the guarantee only extended to the
payment of interest falling due before the time of payment of the principal.

After the principal sum has fallen due, interest is payable not by the
original terms of the agreement, but as damages for a breach of contract
CHURCH, Ch. J.

(Argued December 5, 1870 ; decided January 24, 1871.)

THIS is an appeal from the judgment of the Supreme
Court, of the first district, rendered on the submission of a
controversy without action. The facts sufficiently appear
from the opinion of the court.

*Noah Davis* and *G. D. L. Harrison*, of counsel for the
appellant, insisted that the obligation of a surety is to be
strictly construed. (*Gates* v. *McKee*, 3 Ker., 232; 21 How.
U. S., 66; 2 Caine's Cases, 1; 10 J. R., 180; 14 B. R., 536;
6 Hill, 540; 2 Comst., 185; 6 Seld., 469; 9 Wheat., 680,
720; 6 Duer, 276.) That he only agreed to pay interest
until principal fell due. (6 Car. & Payne, 661; 5 Cow., 587,
611; 18 N. Y., 35; 9 W., 471; 10 P., 49; 2 Allen, 239; 5
Gray, 12; 7 Gray, 580; 11 P., 142; 5 J. R., 268; 13 W.,
639.)

*Samuel E. Lyon*, for the respondent, insisted that guaran-
tee extended to interest due after maturity of the bond. (12
Wheat., 515; 7 Peters, U. S., 113, 122; 2 How. R., 426; 17
W., 422; 3 Den., 518; 24 N. Y., 64; 19 W., 557; 24 W., 35.)

CHURCH, Ch. J. This case came before the Supreme Court
upon a submission under section 372 of the Code. William
D. Waddington, with two others, were indebted to the plain-
tiff's assignor in the sum of $10,000. In July, 1854, it was
agreed that Waddington should be released from his joint

liability on said debt upon executing and delivering his bond for one-third of said amount, payable in January, 1861, with semi-annual interest and the defendant's guaranty of the payment of the interest, which was done. The claim against the defendant is based upon the guaranty, which is in the following words: "For value received I guarantee the punctual payment of the interest on the within bond, and will pay the interest on demand in default of its payment by Mr. Waddington."

The question is, whether the defendant, as guarantor, is liable for anything beyond the interest up to the time when the principal became due, according to the terms of the bond. This must depend upon the construction of the language of the instrument, viewed in the light of circumstances existing at the time it was made. In ascertaining the meaning of the language used, the same rules of construction are applicable to contracts of suretyship as to other contracts. When the true signification of the contract is thus ascertained, the surety or guarantor has a right to insist that his liability shall not be extended beyond its precise terms. (*Gates* v. *McKee*, 3 Ker., 232, and cases cited.)

What, then, is the true meaning of this contract? Waddington agreed to pay the principal in six years and a half, and in the meantime to pay semi-annual interest on specified days. The defendant is presumed to have seen, and understood the exact agreement of Waddington, and to have executed the guaranty in contemplation of its performance by him. He had a right to limit his liability, and he did limit it. He did not guaranty the payment of the principal, but only the "punctual payment of the interest on the within bond." What interest? Clearly, the interest payable according to the terms of the bond, and that only.

No other interest was specified or alluded to, and none other was contemplated by the defendant as he contracted, we must presume, with reference to the payment of the principal, when due, by Waddington. He neither agreed to pay the principal, nor to be liable for the consequences of

its non-payment. Whatever those consequences might be, they must fall by the legal effect of the respective obligations of the parties upon Waddington alone. Whether upon a failure upon his part to pay the principal, he was liable for the interest accruing afterward, on the ground that as between him and the obligee, the contract continued upon the original terms, as seems to have been held in *Van Buren* v. *Van Gaasbeck* (4 Cow., 496), or whether he was liable for such interest by way of damages, for non-performance of the contract, makes no difference with the liability of the defendant upon his guaranty to pay only the interest which accrued according to the express terms of the bond. The authorities, however, preponderate in favor of the latter position. (*Brainard* v. *Jones*, 18 N. Y., 35.) And such is the legal character of the transaction. If Waddington was sued upon the bond for not paying the principal, damages for non-performance would be awarded against him in accordance with the principle in other cases of breach of contract. That these damages are fixed at the legal rate of interest, does not change the character of the recovery, it only establishes the measure or rate of compensation for the damages. It has been held, that a party is liable after default for the legal rate of interest, although the conventional rate is less. (*Bell* v. *Mayor of New York*, 10 Paige, 49.) And when interest is only recoverable as damages after default in the payment of the principal, the receipt of the principal debt is a bar to the claim for such interest. (*Jacot* v. *Emmet*, 11 Paige, 142; *Johnson* v. *Brennan*, 5 I. R., 268.)

There is considerable force in the argument of the counsel for the respondent, that in construing the contract it is not to be supposed that the parties had knowledge of or reference to these legal distinctions when the contract was made, and that business men regard the sum recoverable after the principal is due, in their dealings with each other, as interest in the ordinary sense of the term, and not as compensation by way of damages. Conceding the soundness of this position, these recognized distinctions may be resorted to by the defendant

to prevent a technical or arbitrary construction against him. The true rule of construction undoubtedly is, that the intent of the parties, to be gathered from the language and surrounding circumstances, is to prevail. The intent of the defendant, ascertained by legal rules, was to agree to pay the interest expressly provided for in the bond only, but when the plaintiff urges that the defendant has employed general words guaranteeing the payment of interest upon the bond without limitation, and that these words include interest after as well as before default, and claims to enforce the rigid rule of liability therefor, it is pertinent to answer that, by strict legal rules, interest, as such, cannot be recovered after default in the payment of the principal, and that such interest is not, therefore, within the language of the contract. We do not place the decision upon this narrow ground, but prefer to rest it upon the proposition, that by the plain and ordinary meaning of the language used in the contract, when applied to the facts existing at the time it was made, the interest recoverable after the principal became due, whether it is regarded as interest upon a continuing contract or as damages for its *non-performance*, was not in the contemplation of the parties at the time, and was not the interest specified and provided for in the defendant's contract. The construction contended for by the plaintiff might render the contract as burdensome as if it had been a guaranty of the payment of the principal itself. The defendant might never be able to discharge the obligation, except by the payment of the principal, and in that case the result would be to compel him substantially to perform a contract which it is conceded he never entered into. The interest due on the 31st of January, 1861, not having been paid into court after tender made, must be recovered in this action.

The judgment must be affirmed as to $136.11, being the amount of such interest, and reversed as to the residue, without costs in the Supreme Court or this court to either party.

All the judges concurring, judgment affirmed as to $136.11, and reversed as to the residue, without costs.