JOEL MELICK, Appellant, v. CHARLES KNOX, impleaded with GEORGE W. GRAY and others, Respondent.

The defendant, upon a purchase of real estate, assigned to the plaintiff, in part payment of the price, the bond and mortgage of a third person, guaranteeing "payment of the interest on the within bond, within ten days after the days the same shall become due and payable by" the mort-

gagor.   The principal of the bond was payable three years after date, and interest semi-annually.—*Held*, that he was not liable upon this guaranty for the payment of any interest after the maturity of the bond.   The fact that the bond and mortgage were assigned in payment of the purchase-money does not make it the debt of the guarantor.   As to the principal of the bond, there was no personal liability of the defendant.
*Hamilton* v. *Van Rensselaer* (43 N, Y., 244) followed.

(Argued May 9 ;  decided September 13, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the first district, affirming a judgment, in an action of foreclosure, that the defendant Knox is not liable for any interest that accrued after the time when the principal of the bond became payable.

George W. Gray, one of the defendants, on the 31st day of January, 1857, executed his bond to Charles Knox, conditioned for the payment to Knox, or his assigns, of the sum of $4,000, on the 31st day of January, 1860, interest payable semi-annually ;  and to secure the payment of the same, Gray and his wife executed and delivered to Knox a mortgage. On the 13th day of July, 1857, Joel Melick procured Peter Melick and his wife to convey to Knox a house and lot in the city of New York, for the consideration of $6,700, who as part of such consideration, assigned to Joel Melick the bond and mortgage of Gray, and, as additional security, executed under his hand and seal a guaranty, which was indorsed on the bond, as follows :

" In consideration of the sum of one dollar to me in hand paid by Joel Melick, I do hereby guaranty the payment of the interest on the within bond within ten days after the days the same shall become due and payable by the said George W. Gray.

" (Signed.)        C. KNOX,  [L. S.]
" Dated *July* 13, 1857."

The interest was paid on the bond up to July 31st, 1858. On the 24th day of October, 1863, the plaintiff commenced an action to foreclose the mortgage, and demanded, among other things, that the respondent, Knox, be decreed to pay

any deficiency that might remain in the payment of interest and costs after applying the moneys applicable arising from a sale of the mortgaged premises. The justice who tried the action at Special Term, decided that Knox was only liable upon his guaranty for the interest that accrued up to the 31st of January, 1860 (when the principal of the bond became payable), and that he was not liable for any interest that accrued subsequent to that date. From the judgment entered on that decision the plaintiff appealed to the General Term in the first district. The General Term affirmed the judgment, and the plaintiff now appeals to this court.

*Nelson Smith,* for the appellant, cited *Hanford* v. *Rogers* (11 Barb., 18); *Jackson* v. *Dunsbagh* (1 John. Cas., 91); *Gates* v. *McKee* (3 Kern., 232); *Johnson* v. *Hill* (4 Hill, 178); *Brown* v. *Curtis* (2 Comst., 225); *Cardel* v. *McNeil* (21 N. Y., 336); *Fowler* v. *Clearwater* (35 Barb., 143); *Muson* v. *Pritchard* (12 East., 227); *Drummond* v. *Prestman* (12 Wheat., 515); *Douglas* v. *Reynolds* (7 Peters, 113); *Lawrence* v. *McCalmont* (2 How., 426); 2 Story on Cont., § 662.

*Samuel Hand,* for the respondent, cited *Gates* v. *McKee* (3 Kern., 232); *Ludlow* v. *Simond* (2 Caines. Cas., 1); *Walsh* v. *Bailie* (10 John., 180); *Penoyer* v. *Watson* (16 John., 100); *Walrath* v. *Thompson* (6 Hill, 540); *Leeds* v. *Dunn* (6 Seld., 469); *Hamilton* v. *Van Rensselaer* (43 N. Y., 244).

HUNT, C. The case of *Hamilton* v. *Van Rensselaer* (43 N. Y. R., 244), is decisive of the present case. There Van Rensselaer, as security for Waddington, guaranteed the payment of the interest of the bond given by Waddington to Hamilton. The bond was dated in July, 1854, and payable in January, 1861, with semi-annual interest. The guaranty was in the words following: "For value received, I guarantee the punctual payment of the interest on the within bond, and will pay the interest on demand, in default of its payment

by Mr. Waddington." The question upon this guaranty
came before the Court of Appeals in January, 1870. The
judges of that court were divided in opinion upon the con-
struction to be given to this guaranty. Upon a subsequent
argument in the new Court of Appeals, it was held that the
guarantor was liable only for the interest accruing prior to
the maturity of the bond. This decision was based upon the
proposition, that such was the intent and meaning of the
parties, to be derived from the language of the instrument.
The guaranty before us is more precise and specific, than that
of Van Rensselaer. He guarantied the punctual payment
by Waddington of the interest on the bond, and agreed to
pay it, on demand, in default of its payment by Waddington.
Here, Knox guaranties the payment of the interest within
ten days after the days on which the same shall become pay-
able. The reference to the days on which it becomes paya-
ble, is to the days before the maturity, the 31st day of
January, and the 31st day of July, in each succeeding year,
until January, 1860. After its maturity, the interest unpaid,
as well as the principal, is payable not on particular days, but
whenever the creditor chooses to require it. The principle
of the case referred to must dispose of the one before us.

The appellant seeks to distinguish the cases, by the sugges-
tion that, in the case cited, the guarantor was a mere surety
for the debt of the mortgagor, while in this case, the guaranty
was made in payment of the respondent's own debt. This argu-
ment is not sound. There is no statement by the referee, nor
any thing to indicate, that the payment of $4,000 of the
purchase-money was not originally agreed to be made by the
transfer of this mortgage with a limited guaranty. The con-
veyance was made to Knox, by Peter Melick, on the 13th of
July, 1857. On the same day the mortgage was transferred
and the guaranty executed. The referee finds, "that the
consideration of said assignment and guaranty was $4,000
of the purchase-price of the house and lot so sold and con-
veyed to said defendant, Knox." In other words, Melick
agrees to sell the house and lot to Knox, and to receive pay-

ment of $4,000 of the purchase-money by the assignment of this mortgage, with a guaranty of the payment of the interest upon the same. If this be so, there was no personal debt of Knox for this sum of $4,000. That amount was to be paid by the transfer of a specific obligation of another person. The same contract which created an obligation for $6,700, provided that, for $4,000 of the amount, Knox should be under no personal liability, except so far as a liability was created by his guaranty.

The case of *Hamilton* v. *Van Rensselaer* does not decide that the interest to be collected upon a bond, after maturity, is not interest as such; that it is damages for the non-payment of the principal. The suggestion to that effect is that of the learned chief judge as a suggestion not in the case. While it will carry the weight which his position and his learning will give to all his opinions, it remains but an individual opinion, not a decision of the court. Indeed, he expressly disclaims the determination of that point.

The judgment should be affirmed with costs.

All concur. Judgment affirmed with costs.