P. H. BOUSQUET, Trustee, Appellant, v. M. J. WARD and JOHN O'FARRELL.

Guarranty of Interest: CONSTRUCTION. A third person agreed to procure a loan for a corporation "for five years, at 7 per cent. semi-annual interest, * * * both principal and interest to be payable in N., and with the usual conditions in the event

of non-payment." Afterwards, but prior to the completion of the loan and to facilitate its procurement, a supplementary agreement was made whereby defendants, among others guaranteed "the payment of the interest and taxes * * * in accordance with the stipulation and conditions of a trust deed * * * and the several bonds secured thereby," the guaranty to "become and remain operative upon the execution of the said bonds and trust deed." The bonds, when issued provided for interest at an increased rate if not paid at maturity, but there was no evidence that the terms of the bond were known to the guarantors when the guaranty was executed. *Held*, that the guarantors were not bound for interest accruing after the maturity of the bonds.

*Appeal from Polk District Court.*—Hon. C. A. Bishop, Judge.

Friday, February 14, 1902.

Action to recover on a written guaranty of the payment of interest on a loan. The defense made was that the guarantors were not liable for the interest sued for, which was that accruing after the maturity of the principal debt. By agreement of parties, the case was tried as in equity. Decree for defendants. Plaintiff appeals.—*Affirmed.*

*I. M. Earle* and *P. H. Bousquet* for appellant.

*Remley & Ney* and *J. F. Conrad* for appellees.

McClain, J.—In 1889 the Otley Coal Company negotiated a loan of $20,000, secured by trust deed executed to the plaintiff, the indebtedness being evidenced by 20 first mortgage bonds, of $1,000 each, maturing in five years, with interest at 7 per cent., payable semi-annually, as per coupons attached to said bonds. These bonds were issued in pursuance of an agreement between the coal company and the firm of Bousquet & Earle, by which it was stipulated that the firm was to procure the loan for the coal company, on terms mentioned in the preliminary agreement. After

the execution of this preliminary agreement, and prior to the completion of the loan, and for the purpose of facilitating its procurement, a supplementary agreement was entered into between the parties to the previous contract on one hand, and these defendants and others, some or all of whom were stockholders in the coal company, on the other, by which the parties of the second part, including these defendants, guarantied "the payment of the interest and taxes by the said Otley Coal Company in accordance with the stipulations and conditions of the trust deed for $20,000, to be made to P. H. Bousquet, as aforesaid, and the several bonds secured thereby." It was further stipulated that "this guaranty shall become and remain operative upon the execution of the said bonds and trust deed." The installments of interest on the bonds up to maturity, as evidenced by the coupons, and the taxes on the property up to the maturity of the bonds, have all been paid. After the maturity of the bonds no steps were taken for some years to enforce payment of the principal, and this action is on the contract of guaranty to collect interest accruing for the time during which the principal sums thus remained unpaid. The defense relied on is that the guaranty related only to interest on the loan up to maturity thereof, and that the guarantors are not bound, under their contract, to pay interest subsequently accruing.

The obligation of the guarantors must be determined by their written contract, and is not to be extended by implication, and if, giving the language of the guaranty a reasonable and fair interpretation in view of the circumstances known to the parties on each side under which the guaranty was executed, it appears that the intention was simply to guaranty the interest to accrue up to the maturity of the loan, then the guarantors have fully discharged their obligation, and nothing more can be exacted from them. The defendants rely on authorities which they claim substantiate the general proposition that the guaranty of the

interest to accrue under a contract to pay a principal sum, with stipulated interest, at a future time, is to be construed as the guaranty only of interest to accrue under the terms of the contract up to the maturity thereof, and that interest which subsequently accrues and becomes payable by reason of the failure to pay the principal sum is not covered by such a guaranty. *Hamilton v. Van Rensselaer,* 43 N. Y. 244; *Rector v. McCarthy,* 61 Ark. 420 (33 S. W. Rep. 633, 31 L. R. A. 121, 54 Am. St. Rep. 271). Quotations from the opinions in these cases might be made, showing that the courts rendering them considered the very point which we now have before us, but such quotations seem to be unnecessary; for the conclusions reached in those two cases squarely support the general proposition just stated. Appellant, however, contends that these cases are based on the assumption that interest accruing after the maturity of a contract debt is in law allowed by way of damages for non payment of money, and not by way of interest provided for in the contract, and we are cited to decisions of this court which, as it is claimed, hold that interest thus accruing is to be regarded as money due under the contract. See *Hand v. Armstrong,* 18 Iowa, 324; *Warren v. Ewing,* 34 Iowa, 168. These cases decide that money due by contract draws the same rate of interest after maturity as is agreed in the contract to be paid before maturity, and not simply the legal rate of interest. But we are unable to see that this rule furnishes any ground for distinguishing the present case from those relied on by appellees—First, because we cannot see that it is material in construing this contract of guaranty to determine whether interest accruing after maturity is to be treated as interest provided for by the contract or damages for the nonpayment of the loan which was agreed to be paid; and, second, because we do not find, on a careful consideration of the opinions in the cases relied on by appellee, that the non-liability of the guarantors in those

cases was predicated upon the fact that the interest accruing after maturity was considered as damages rather than as contractual interest. The distinction between damages and interest was adverted to in the New York case, but was expressly not made the point of decision in that case; and in the later case of *Melick v. Knox*, 44 N. Y. 676, the New York court expressly repudiates that distinction, and follows its prior decision without regard thereto. In *French v. Bates*, 149 Mass. 73 (21 N. E. Rep. 237, 4 L. R. A. 268), it was held that a guarantor of interest on a mortgage note was liable for interest accruing after, as well as before, maturity of the principal debt; but in that case the guaranty was of "the punctual payment of interest on the above note, and in default of such payment by the promisor we hereby promise to pay the same on demand." The note secured provided for semi-annual interest, "payable on the first days of January and July of each year during said term, and for such further time as said principal sum, or any part thereof, shall remain unpaid." The terms of the contract were made the basis of a distinction between the New York cases hereinbefore cited and the one before the court, and the distinction we think is sound. The question to be determined in such a case is, what was the intention of the parties as indicated by the language used; and it is important, therefore, to notice the exact language involved in the present case, and the circumstances under which that language was employed.

As already indicated, the contract of guaranty was made after the agreement between the Otley Coal Company and Bosquet & Earle, by which the latter undertook to procure a loan upon terms therein designated, and prior to the execution of the bonds and trust deed on which the money was ultimately secured. In the contract of guaranty reference is made to payment of interest in accordance with the stipulations of the trust deed, for $20,000, *to be made* to plaintiff, and the several bonds secured thereby; but

there is no evidence that the terms of the bonds and trust deed were then known to the guarantors otherwise than as those terms were indicated by the previous agreement for the procurement of such a loan.   In that previous agreement it is stated that the loan is to be "for five years, at 7 per cent., semi-annual interest, payable on the first day of March and September of each year; both principal and interest payable at the Hanover National Bank, in the city of New York, and with the *usual conditions in the event of non-payment."* This instrument did not, therefore, make any direct provision for, or reference to, interest to be paid after maturity of the loan.   The bonds issued after the execution of the instrument of guaranty provided: "Should this bond, or any of its coupons, not be paid when due, the same shall bear interest thereafter at the rate of eighth per cent. per annum, both as to principal and interest, until paid."   This provision is outside of and beyond the agreement for a loan with reference to which the instrument of guaranty was executed.   If the guaranty had been of these bonds specifically, it might be contended that, as interest after maturity was stipulated for, then, under the authority of the Massachusetts case, the guarantors would be bound with reference to interest after maturity.   But even then the case would not have been exactly parallel with the Massachusetts case; for under the contract there considered, the interest after maturity was to be paid semi-annually at the same rate and on the same dates as that accruing before maturity, whereas, by the bonds which we are now considering, the rate of interest after maturity was 8 per cent. instead of 7 per cent., and was not payable semi-annually nor at fixed dates, but generally as interest on the money which after the maturity of the bonds should remain unpaid.   But, looking to the agreement for the loan rather than the bonds themselves to determine what obligation the guarantors agreed to secure, we find that interest on the loan after it should mature was not in the contemplation

of the parties to the guaranty. The agreement for the loan makes no reference to any such interest, but provides only that there shall be "the usual conditions in the event of non-payment." Just what these terms imply we need not decide. Certainly they do not imply an increased rate of interest, with no definite time for payment, which is to be allowed to accrue, as against the guarantors, for such unlimited period as the persons to whom the loan should be payable might' conclude to allow the indebtedness to run without taking steps for its enforcement. To hold otherwise would be to subject the guarantors to an obligation which we cannot think, under the circumstances, they intended to assume. If appellant's construction of the contract were recognized, these guarantors, instead of being bound to see that certain specified sums of interest were paid at certain specified dates, would be in the anomalous position of having guarantied the payment of interest for an uncertain period of time, which they would have no power to limit or determine, for the time during which the loan should be allowed to draw interest after maturity would be beyond their control. They could not avail themselves of the provisions of Code, section 3064, by which a person bound as surety for another for the payment of money may by notice require the creditor to sue for the sum, or permit the surety to commence action in the creditor's name; for they did not become sureties for the payment of the principal, and the interest accruing after maturity was not to be paid on fixed dates, but only in general as interest. If the interest after maturity had been made payable semi-annually, then, no doubt, as was suggested in the Massachusetts case, separate actions for each installment thereof might have been brought; but there can be no pretense that, under the contract involved in this case, separate suits for interest after maturity and for principal could have been maintained. We are therefor irresistibly led to the conclusion that at the time this contract of guaranty was entered into the parties did not have in

contemplation interest which should accrue after the maturity of the bonds, and that the guarantors did not bind themselves for payment thereof.

The judgment of the lower court is therefore AFFIRMED.