### GEORGE F. MERRITT v. HENRY G. HAAS.[1]

December 24, 1908.

Nos. 15,888—(86).

**Guaranty—Liability of Guarantee.**

The guarantee in a contract of unconditional guaranty of payment is under no obligation as a matter of law to protect the guarantor from loss, either in efforts to preserve collateral securities held by him or in pursuing the principal debtor. Hungerford v. O'Brien, 37 Minn. 306, followed.

**Same—Contract Liability.**

Such obligation may be imposed by contract.

**Guaranty of Payment of Interest.**

The liability of a guarantor of payment of the interest to mature on a promissory note ceases at the maturity of the note.

[1] Reported in 118 N. W. 1023; 119 N. W. 247.

Action in the district court for Ramsey county by the trustee of the trust estate of Eugene St. Julien Cox under the last will and testament of William S. Cox, deceased, to recover $54, the unpaid balance of interest due November 20, 1905, on four promissory notes of nine hundred dollars each made by Albert Scheffer in favor of the trustee and indorsed by the defendants in this form: "In consideration of our discharge from liability as sureties on the bond of Albert Scheffer as trustee as above mentioned, we and each of us do hereby guarantee the payments of the semiannual instalments of interest on the above note at the time and place the same shall become due, until said note is fully paid, and do hereby waive notice of default, protest and notice of protest." There was no proof of service of summons on defendant McCardy and defendant Haas alone answered. The other facts are stated in the opinion. The case was tried before Orr, J., who found that defendant Haas was entitled to judgment on the merits. From an order denying a new trial, plaintiff appealed. Affirmed.

*I. C. Buell* and *Durment & Moore,* for appellant.
*John D. O'Brien* and *John Dillon O'Brien,* for respondent.

BROWN, J.

The facts in this case are as follows: Albert Scheffer was duly appointed trustee of the estate of the late E. St. Julien Cox under the last will and testament of William S. Cox, deceased. There came to his hands as such in money and securities something over $9,000. Upon the acceptance of the trust Scheffer executed in proper form the usual bond in such cases, which defendants signed and executed as sureties. In 1899 Scheffer was called upon for an accounting, when it was found that he had in some way lost the entire estate and had no money or property belonging to it. An action was thereupon brought against him and sureties to recover the amount due from him. A settlement of the action was subsequently effected, by the terms of which defendants agreed to and did pay to plaintiff the sum of $1,000 in part of the shortage of Scheffer, and Scheffer made and delivered to plaintiff four promissory notes, of $900 each, payable at stated times in the future, each bearing interest at six per cent. per annum. Scheffer also conveyed to plaintiff a lot in St. Peter, and agreed to procure the issuance of a policy of insurance upon his life payable to plain-

tiff as trustee, as collateral to and as security for the payment of the notes and interest. The policy was procured as agreed upon and delivered to plaintiff. The sureties on Scheffer's bond guaranteed the payment of the interest as it became due upon the notes, but did not guarantee the payment of the principal. The premiums on the policy were not paid, by reason of which the policy lapsed. Scheffer died without paying either the principal or the interest due on the notes, his estate was insolvent, and plaintiff brought this action to recover from defendants, guarantors on the notes, the unpaid interest.

The principal defense to the action was that Scheffer, by the terms of the settlement, agreed to make all payments of premiums to keep the insurance policy in force and that defendants were liable therefor only in the event of default; that the policy was permitted by plaintiff to lapse without notice to defendants, in consequence of which the collateral was lost, and defendants discharged from further liability. The allegations of the answer constituting this defense are expressly admitted by the reply. The trial court found the facts substantially as stated, and ordered judgment for defendants. Plaintiff appealed from an order denying a new trial.

The assignments of error present the questions: (1) Whether the findings of fact to the effect that Scheffer was by the terms of the settlement to make all payments of premiums due and to become due on the insurance policy, and that defendants were to pay the same only in the event of his failure to do so, are sustained by the evidence; and (2) whether the conclusions of law that plaintiff cannot recover are justified by the facts found. The first question is not important; for, as urged by plaintiff, defendants' guaranty was absolute and unconditional, and the loss of the collateral by the lapsing of the policy for nonpayment of premiums constituted no defense. It is probable, however, that the facts found by the court on this subject, being in harmony with the admissions of the reply, were fully justified; for the disputed fact was not in issue by the pleadings, and though the evidence is conclusive against the finding it cannot be said that it would have been the same, had the fact been an issue for trial. But, as stated, this question is not of controlling importance; for, with this special finding in the case, the conclusion of law should have been that plaintiff was entitled to judgment as prayed for in the complaint.

Ordinarily the obligation of the guarantor of payment is determin-

ed by the character of the contract to which the guaranty relates. In the case at bar the promissory notes given by Scheffer called for the payment of semiannual interest at the rate of six per cent. per annum. Defendants' contract, indorsed thereon, was that they "guaranteed the payment of the instalments of interest until the note was paid in full." There is nothing in the principal contract, the note, or in the guaranty, to qualify the liability thus assumed by the guarantors, and within the rule in this state it was absolute and unqualified, and obligated them to pay the interest as it matured. The contract imposed no duty or obligation upon the plaintiff, as trustee or guarantee, to protect the guarantors from loss, either by keeping the policy of insurance in force, or in efforts to collect the note and interest from Scheffer, and, if neglect on his part in this respect be conceded, it constitutes no defense, nor does it relieve defendants from their unconditional agreement to pay. The rule is otherwise in some of the states, but the doctrine suggested was laid down by this court in an early day (Hungerford v. O'Brien, 37 Minn. 306, 34 N. W. 161), and has since been followed (D. M. Osborne & Co. v. Gullikson, 64 Minn. 218, 66 N. W. 965). But, even without this rule, the facts disclosed by the record negative any duty on the part of plaintiff to keep the policy in force or to notify defendants of the failure of Scheffer to pay the premiums. The answer alleges and the reply admitted the fact that Scheffer was to make all payments of premiums, and no stipulation is shown to impose the duty upon plaintiff to see to it that he performed his part of the agreement. The law imposes no such duty, within the rule of absolute liability of guarantors of payment; nor did the contract. It was, therefore, as much the duty of defendants to see that the premiums were paid as it was the plaintiff's. A distinction is made in contracts of this kind between guarantors of collection and absolute guarantors of payment. As to the former the creditor is under certain obligations to protect the guarantor. Nelson v. Munch, 28 Minn. 314, 9 N. W. 863; Peterson v. Russell, 62 Minn. 220, 64 N. W. 555, 29 L. R. A. 612, 54 Am. St. 634; Crane v. Wheeler, 48 Minn. 207, 50 N. W. 1033. But the rule does not apply to an unconditional undertaking to pay if the principal debtor fails to do so. While defendants were sureties in the first instance upon Scheffer's bond, that relation ceased and terminated upon the consummation of the settlement, and they then became absolute guarantors.

It is also urged that the contract of guaranty is unreasonable and. void, and should not be enforced. The precise point is that by the terms of the guaranty defendants obligated themselves to pay the accruing interest "until the note is paid in full," and it is urged that, because of the fact that Scheffer is dead and his estate insolvent, the principal of the note will never be paid, and defendants' obligation to, pay the interest will therefore run on forever, and that they can only relieve themselves by paying the principal, which they did not contract or agree to do. If the suggested condition be the legal result from the terms of the contract, defendants might well complain, and their contention that the contract is unreasonable and oppressive would come with force and merit. But we conclude, after some reflection, that the contract should not be so construed as to create a liability extending beyond the grave. Whenever guaranty contracts of this nature have come up for consideration, the courts have held that the liability of the guarantor ceases at the due date of the note. Hamilton v. Van Rensselaer, 43 N. Y. 244; Rector v. McCarthy, 61 Ark. 420, 33 S. W. 633, 31 L. R. A. 121, 54 Am. St. 271; Bousquet v. Ward, 116 Iowa, 126, 89 N. W. 196. The rule has reasonableness and common sense to support it, and we apply it to the case at bar. Any other rule would permit the creditor and principal debtor to prolong the guarantor's liability indefinitely. The legal inference in such a case ought to be that the parties contracted on the supposition that the maker of the note would pay it at maturity, and, unless the agreement gave some authority to the creditor to extend the time of payment, the guarantor should be relieved at that time.

The interest claimed in this case covers the period before the notes fell due,[2] and for the reasons stated plaintiff is entitled thereto, if on a new trial the facts are the same as they appear in the record before us.

Order reversed, and a new trial granted.

On January 21, 1909, the following opinion was filed:

PER CURIAM.

A confusion in dates resulted in an erroneous statement in the former opinion in this case that the action was brought to recover inter-

---

[2] See next page, infra.

est which accrued before the maturity of the notes, when in fact the interest sought to be recovered accrued subsequent to their maturity. Upon that understanding of the record a reversal was ordered, when the order appealed from should have been affirmed. Upon a motion to correct the error, plaintiff was given an opportunity to be heard, and a brief was filed in his behalf upon that branch of the former opinion, wherein it was held that defendants' liability as guarantors ceased at the maturity of the notes.

The admissions of the pleadings preclude a consideration of the contention of plaintiff, reiterated with clearness in the additional brief, that defendants undertook and agreed as a part of the settlement to pay the premiums due or to become due upon Scheffer's insurance policy. The fact that they did not so agree, the answer alleges and the reply admits. This forecloses the question. We have then only the notes and defendants' guaranty of the payment of interest thereon upon which to determine the question of the extent of their liability as guarantors. A re-examination of the question confirms our former decision. The authorities there cited sustain the view taken. The contract involved in the Arkansas case (Rector v. McCarthy, 61 Ark. 420, 33 S. W. 633, 31 L. R. A. 121, 54 Am. St. 271) is for all practical purposes identical with that at bar. The note there before the court provided for the payment of a certain sum of money "with interest at the rate of ten per cent. per annum from date until paid." The defendants therein guaranteed the payment of this interest. The court held that the guaranty terminated at the due date of the note. In the case at bar defendants guaranteed the payment of interest until the note "was paid in full." While the guaranty was not so broad in the New York case (Hamilton v. Van Rensselaer, 43 N. Y. 244), it was substantially of the same import. Of course, we are not to be understood as holding that parties may not expressly contract for the payment of interest after the maturity of a note. Such was the contract in French v. Bates, 149 Mass. 73, 21 N. E. 237, 4 L. R. A. 268. The guaranty there involved was to pay the interest maturing upon a contract on the first days of January and July of each year "during said term and for such further time as said principal * * * shall remain unpaid." This specific language differentiates, as suggested by the Massachusetts court, that case from the New York case. The legal infer-

ence in cases of this kind is that the maker will discharge the principal obligation at maturity, and, in the absence of something to indicate to the contrary, the presumption of law must be that the guarantors contracted with reference to a timely performance of the principal debtor's obligation.

We adhere to the former opinion, and, as it is not disputed that the interest sought to be recovered accrued subsequent to the maturity of the notes, the order below was right, and must be affirmed.

It is so ordered.