WESTCHESTER MORTGAGE CO. v. THOMAS B. McINTIRE, Inc., et al.

(Supreme Court, Appellate Division, Second Department.   May 7, 1915.)

1. GUARANTY ⬅36—CONTRACTS—CONSTRUCTION.
    An instrument reciting that defendant, for value received, guaranteed another against loss or damage by reason of the nonpayment of a note, and that defendant guaranteed the payment of the note, is not only a promise to indemnify plaintiff, but an absolute guaranty of payment, which makes defendant liable if the instrument be not paid at maturity.

    [Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 38–45;  Dec. Dig. ⬅36.]

2. GUARANTY ⬅82—CONTRACTS—CONSTRUCTION.
    Where an agreement guaranteeing payment of a note accompanied it, the guaranty could be enforced by any person entitled to enforce payment of the note.

    [Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 97;  Dec. Dig. ⬅82.]

3. GUARANTY ⬅85—ACTION—PLEADING.
    Under Code Civ. Proc. § 534, a party, suing on an instrument as a contract of guaranty may set forth the guaranty in full and have the benefit of its full legal effect;  the instrument being given the construction most favorable to him.

    [Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 99;  Dec. Dig. ⬅85.]

4. GUARANTY ⬅85—ACTIONS—CONDITIONS.
    In a suit on a guaranty for the payment of a note, it is not necessary to allege presentment, demand, protest, or notice, regardless of whether the instrument was owned by the original payee or plaintiff.

    [Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 99;  Dec. Dig. ⬅85.]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, Westchester County.

Action by the Westchester Mortgage Company against Thomas B. McIntire, Incorporated, and William H. Foster. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

See, also, 152 N. Y. Supp. 1149.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

Jonathan Holden, of Pleasantville, for appellant.

Frederick B. Van Kleeck, Jr., of White Plains, for respondents.

RICH, J. The complaint was dismissed at the opening of the trial, on the ground that it did not state facts sufficient to constitute a cause of action. The action against Foster is upon his guaranty of the payment of a promissory note. The complaint alleges the execution and delivery by the defendant company to plaintiff of its promissory note for $1,000, dated March 20, 1914, and payable at the Mt. Pleasant Bank, of Pleasantville, N. Y., in 60 days after its date, accompanied by a written guaranty executed by the respondent and the defendant McIntire in the following language:

"This is to certify that the undersigned, for value received, hereby guarantees Westchester Mortgage Company against loss or damage by reason of the nonpayment of a note for one thousand ($1,000) dollars, dated on or about March 20, 1914, made by Thomas B. McIntire, Incorporated, to Westchester Mortgage Company, payable 60 days after date, with interest, and the undersigned guarantees the payment of said note, and guarantees Jonathan Holden against suffering any loss or damage by reason of his guaranty or indorsement of said note, or by reason of the nonpayment of said note. It is hereby consented that the time for the payment of said note may be extended by one or more extensions, provided such time of payment is not extended to a time later than August 30, 1914, and it is consented that such extension be without notice to the undersigned.

"Dated March 20, 1914.             Wm. H. Foster.
                                   "Thomas B. McIntire."

It is alleged that in consideration of the guaranty, and relying thereon, the plaintiff indorsed said note for the accommodation and benefit of the maker, and for the purpose of enabling it to secure from the bank where it was made payable a loan for $1,000; that the Mt. Pleasant Bank discounted such note and paid to its maker, the defendant company, said sum of $1,000; that the defendants failed to pay said note at its maturity, and have never paid it; and that in May, 1914, said bank, for value, sold, assigned, and transferred to plaintiff all sums due and to become due thereon.

[1, 2] I am unable to see why this complaint does not state a good cause of action against the respondent as a guarantor. It is contended, however, by the respondent, that "the guaranty was against loss or damage by reason of the nonpayment of the note," and "being one of collection, and not of payment, the complaint does not state facts sufficient to constitute a cause of action, in that there are no allegations therein showing that plaintiff has exhausted his remedy against the maker of said note." The general rule of law stated has no application to the facts presented by the case at bar, for the reason that the guar-

anty, in addition to being a promise to indemnify plaintiff against loss or damage by reason of the nonpayment of the note, is an absolute guaranty of its payment which makes the guarantors liable to the holder of the note if the maker failed to pay it at maturity. Catskill Nat. Bank v. Dumary, 206 N. Y. 550, 100 N. E. 422. The guaranty accompanied the note and is enforceable by the person who could enforce payment of such note. Claflin v. Ostrom, 54. N. Y. 581; Lawrence v. Fox, 20 N. Y. 268; Riordan v. First Presbyterian Church, 6 Misc. Rep. 84, 26 N. Y. Supp. 38; 20 Cyc. 1429. It was not necessary, therefore, to allege an assignment of the guaranty to the bank, or its reassignment to plaintiff, or that the transfer to plaintiff was made upon its faith.

[3] The complaint sets forth the guaranty in full; the plaintiff is entitled to the benefit of its every feature and its full legal effect (section 534, Code Civil Procedure), and if susceptible of conflicting interpretations the one most favorable to the plaintiff must be adopted. Smith v. Molleson, 148 N. Y. 241, 42 N. E. 669; Gamble v. Cuneo, 21 App. Div. 413, 47 N. Y. Supp. 548.

[4] The guaranty being for the payment of the note, it was not necessary to allege presentment, demand, protest, or notice, irrespective of whether the note was owned at maturity by the bank or by the plaintiff. Fidelity & Casualty Co. v. Wells, 49 App. Div. 171, 62 N. Y. Supp. 1066; Allan v. Rightmere, 20 Johns. 365, 11 Am. Dec. 288; Brown v. Curtiss, 2 N. Y. 225.

The judgment must be reversed, and a new trial granted; costs to abide the event. The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows:

Judgment reversed, and new trial granted; costs to abide the event. All concur.