FIRST NATIONAL BANK OF LITCHFIELD, CONNECTICUT, Respondent, *v.* MARY E. JONES et al., as Executors of OLIVER L. JONES, Deceased, Appellants.

Guaranty — bills, notes and checks — construction of contract guaranteeing the payment of promissory notes and renewals thereof.

Defendant's intestate procured from plaintiff a loan to a corporation, of which he was a stockholder, upon its promissory notes aggregating a certain amount, and also a loan to an individual upon his promissory notes, indorsed by the said corporation, for a similar amount, and gave to the plaintiff a contract in writing reciting said loans, and providing: "Now, therefore, I hereby covenant and agree with said bank to guarantee, and I do hereby guarantée the full, prompt, and ultimate payment of all of said notes, aggregating twenty thousand dollars and of any and all renewals thereof or of either of them when the same shall become due and payable, until all of said loans and notes and any and all renewals thereof are fully paid and discharged." The notes were renewed from time to time for several years, when defendant's intestate died, at which time there remained unpaid of said loans one note covering the whole of the loan to the corporation and one note of the individual debtor indorsed by the corporation for part of the original loan. Neither of these notes was paid when due and the bank commenced this action against defendants, as executors of said guarantor, to recover under the contract of guaranty, and the only question involved is whether the plaintiff was required to make diligent effort to collect the notes from the makers and indorsers thereof before insisting upon payment thereof from the defendants. *Held,* upon examination of the agreement, that the word "ultimate" was used to cover notes *ultimately* given in whole or in part in renewal of the notes given at the time of the guaranty and thus to clearly continue the obligation of guaranty so long as the loans were extended; that it appears from the contract that the parties intended an unconditional guaranty and this intention must control.

*First Nat. Bank* v. *Jones,* 168 App. Div. 950, affirmed.

(Argued October 31, 1916; decided November 21, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered June 3, 1915, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Burlinson Coleman* for appellants. The guaranty executed by Oliver L. Jones is not an absolute guaranty of payment, but a conditional one; and before the plaintiff can recover upon it it must show that it has used due diligence to collect from John C. R. Eckerson and the Mine Hill Quarry Company, the makers of the notes and the primary debtors. (*Hernandez* v. *Stilwell,* 7 Daly, 360; *Bank of Sandusky* v. *Follett,* 2 West. L. J. 78; *Johnston* v. *Mills,* 25 Tex. 704; *Ely* v. *Bibb,* 27 Ky. 72; *Walker* v. *Forbes,* 25 Ala. 139; *Yeates* v. *Walker,* 62 Ky. 84.)

*Dickinson W. Richards* for respondent. The law is well settled in this state that under a guaranty of payment it is unnecessary to take proceedings against the principal debtor, but a right of action accrues immediately against the guarantor upon non-payment. (*Brown* v. *Curtis,* 2 N. Y. 225; *Com. Nat. Bank* v. *Zimmerman,* 185 N. Y. 210; *First Nat. Bank* v. *Story,* 200 N. Y. 346; *Stein* v. *Whitman,* 156 App. Div. 861; *W. M. Co.* v. *McIntyre,* 168 App. Div. 139; *Tyler* v. *Waddingham,* 58 Conn. 395; *Vetter* v. *Welz,* 143 App. Div. 121.) The construction of a contract of guaranty is governed by the same rules as are other commercial contracts and such construction will be adopted as will carry out the apparent intention of the parties and give effect to the provisions of the instrument. The general rule of construction will be applied that words are to be taken as strongly against the party giving the guaranty as the sense of them will admit and unless the liability of the guarantor be expressly limited, it will be considered as co-extensive with that of the principal. (*Smith* v. *Molle-*

*son*, 198 N. Y. 241; *Gates* v. *McKee*, 13 N. Y. 232; *Compagnie Generale*, v. *Herzog*, 89 Misc. Rep. 577; *Winchell* v. *Doty*, 15 Hun, 1.)

CHASE, J.  The defendants' intestate, at his special instance and request, in 1906 procured from the plaintiff a loan to the Mine Hill Quarry Company of which he was a stockholder, upon its promissory notes in various amounts aggregating $10,000, and also at his special instance and request, a loan to one Eckerson upon the promissory notes of said Eckerson, indorsed by said company, in various amounts aggregating $10,000, and he gave to the plaintiff a contract in writing reciting said loans, the material part of which contract is as follows: "Now, therefore, I hereby covenant and agree with said bank to guarantee, and I do hereby guarantee the full, prompt, and ultimate payment of all of said notes, aggregating twenty thousand dollars ($20,000) and of any and all renewals thereof or of either of them when the same shall become due and payable, until all of said loans and notes and any and all renewals thereof are fully paid and discharged."

The notes were renewed from time to time until August 9, 1913, when the defendants' intestate, the guarantor, died.  At that time there remained unpaid of said loans one note of the Mine Hill Quarry Company of $10,000, and one of said Eckerson indorsed by said company of $6,500.  Both were payable at the plaintiff's bank and were there duly presented for payment when they respectively became due, but there was no money at the bank to pay them or either of them.  This action was then commenced.  The only question involved herein is whether under the agreement the plaintiff was required to make diligent effort to collect the notes of said Eckerson and said company before insisting upon payment thereof from the defendants.

If the agreement was an unconditional guaranty of

payment then the plaintiff's right of action on the guaranty was complete when the makers of the notes failed to pay according to the terms thereof. (*Brown* v. *Curtis*, 2 N. Y. 225, 227; *Stein* v. *Whitman*, 209 N. Y. 576.)

The meaning of the guaranty depends upon the intention of the parties. (*Hamilton* v. *Van Rensselaer*, 43 N. Y. 244; *Melick* v. *Knox*, 44 N. Y. 676; *Catskill Nat. Bank* v. *Dumary*, 206 N. Y. 550.)

The intention of the parties to the agreement under consideration to make an absolute and unconditional guaranty would be entirely clear were it not for the use of the word "ultimate." While every word of an agreement should be presumed to have been used with some purpose, the meaning of each word must be determined and its effect considered in connection with the other words of the agreement. The words "full, prompt * * * payment" have a very important part in the phrase "full, prompt and ultimate payment." In construing the phrase it is important to remember that the guaranty was not alone for the specific notes mentioned in the agreement, but for "any and all renewals thereof or either of them when the same shall become due and payable until all of said loans and notes and any and all renewals thereof are fully paid and discharged." The use of the words "full and prompt * * * payment" would be inapt if all that the parties intended was a guarantee of collection.

Upon examination of all the words in the agreement it would seem to have been the intention of the parties in the use of the word "ultimate" to make sure of including the notes finally given in renewal and that the word "ultimate" was not used to limit the guaranty to loans unpaid after diligent effort to collect them had been made.

We are of the opinion that the word "ultimate" was used to cover notes *ultimately* given in whole or in part in renewal of the notes given at the time of the guaranty and thus to clearly continue the obligation of guaranty so long as the loans were extended. Although the guar-

anty was made in New York state, it relates to loans by a Connecticut bank to a corporation and an individual each doing business in the state of Connecticut and upon notes made and payable in that state.

The case of *National Exchange Bank* v. *Gay* (57 Conn. 224) is so similar in the material part of the form of guaranty under consideration that it has been suggested that it may have been specially considered and followed by the parties when the contract of guaranty was prepared. In that case the language of the guaranty is for "full, prompt and ultimate payment of all promissory notes, drafts, bills of exchange or other evidences of indebtedness which the said National Exchange Bank has discounted or may hereafter discount for the said" company referred to, "not to exceed fifteen thousand dollars in all at any one time."

The court in that case held that "To guarantee 'full and prompt' payment would meet the case of a note, on usual bank time, actually to be paid in full at maturity. To guarantee in addition to 'full and prompt' payment, the 'ultimate' payment can have no other meaning than that the obligor should continue beyond to the end of all substitutions, renewals and extensions."

In the case of *Hernandez* v. *Stilwell* (7 Daly, 360) there was a guaranty of "the ultimate payment of the sum named herein together with interest and *all lawful charges* or so much thereof as shall be due and owing," and in *Walker* v. *Forbes* (25 Ala. 139) there was a guaranty to a merchant that if he "can sell Mr. C. any groceries I [the guarantor] am willing to guarantee the *ultimate payment* of any bill he may make with you to the amount of $500," both of which cases are cited by the appellants as authority for their contention. The intention of the parties in each case was found to be in substance that a guaranty of collection was intended. The decisions so called to our attention are not controlling or even persuasive because they were each decided upon the intention

of the parties as found by the court on the particular language used in the guaranties respectively. The intention of the parties in the case before us seems to accord with the intention of the parties as it was found in the *National Exchange Bank* case and so it has been found by the courts below. We think it appears from the contract that the parties intended an unconditional guaranty and that intention must control.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment affirmed.