**The People of the State of New York, Respondent, *v.* Consolidated Indemnity and Insurance Company, a Domestic Corporation, Appellant.**

Third Department, June 30, 1931.

A. Bertram Samuels [*I. Maurice Wormser* and *John E. Leddy* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, First Assistant Attorney-General,* and *Amos D. Moscrip, Assistant Attorney-General,* of counsel], for the respondent.

HILL, J. The defendant has appealed from an order denying its motion, made under rule 106 of the Rules of Civil Practice, for judgment dismissing the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges in substance a credit balance to the State of New York of $1,000,000 on deposit with the Bank of United States, a New York State banking corporation, when the bank closed its doors; a guaranty of payment by the defendant to the amount of $600,000; a demand upon the bank for and a refusal to pay the amount of the deposit; a demand upon the defendant. Two exhibits are attached to the complaint, one an undertaking of the bank; the

other the bond of the defendant. The undertaking recited the designation of the bank as a State depository of moneys from the general fund of the State, and obligated the bank to "pay at sight and on presentation all checks made by the Commissioner of Taxation and Finance and countersigned by the Comptroller, drawn against said deposits of State funds." The bond was executed by four cosureties, severally obligated in different amounts aggregating $1,000,000, the defendant's obligation being $600,000. The undertaking of the bank, identified by its date, is attached to the bond, and therein referred to in the following language: "Which is hereto attached and to which assent is hereby given." The bond further recites: "The conditions of this obligation are such that if the said banking institution shall well and faithfully do and perform all things contained in said instrument on its part to be done and performed, and shall accept and receive said deposits on the terms and conditions specified therein, and shall safely keep and well and faithfully account for and pay over all moneys which now are or shall hereafter be on deposit in or held by said banking institution, or that are due or shall hereafter become due from said banking institution, or for which it shall in any way become liable, and shall well and faithfully perform any and all acts specified in the terms and conditions contained in said instrument to be performed and fulfilled by it according to the provisions thereof, then this obligation to be void; otherwise to remain in full force and virtue.

"And the said sureties and guarantors do hereby agree to defend, save harmless, and indemnify the People of the State of New York from and against all loss both of principal and interest, costs, damages or expenses of any other kind or nature that may happen to arise for or on account of the depositing of said funds or moneys in said banking institution as in said instrument provided."

Defendant argues that the paragraph quoted first above is but a clause of defeasance, with a recital of the conditions under which its obligation may arise, and that the paragraph last quoted is the agreement of suretyship, the obligation, by its terms, being to "save harmless and indemnify" the State against ultimate loss, if any, after the application of dividends from the bank now in liquidation.

Before the officials of the State may deposit its funds, the depository bank must deliver outstanding bonds of the State of New York to the Comptroller, or "execute and file with the Commissioner of Taxation and Finance a bond to the State in such form and with such surety or sureties for such sums as may be prescribed and approved by the Commissioner of Taxation and Finance and

Comptroller, for the safe keeping and prompt payment of such moneys on legal demand therefor." (State Finance Law, § 8, as amd. by Laws of 1926, chap. 548.) The bond upon which this action is brought was given in compliance with this statute. The parties must have intended to comply with the law. *A priori* the intention must have been that the bond was security for " prompt payment." " The meaning of the guaranty depends upon the intention of the parties. (*Hamilton* v. *Van Rensselaer*, 43 N. Y. 244; *Melick* v. *Knox*, 44 N. Y. 676; *Catskill Nat. Bank* v. *Dumary*, 206 N. Y. 550.) " (*First National Bank* v. *Jones*, 219 N. Y. 312, 315.)

The bond refers to the undertaking of the bank whereunder payment of checks at sight is required and states that " assent is hereby given " to such undertaking. An assent indicates the meeting of the minds of the contracting parties. (*Fuller* v. *Kemp*, 16 N. Y. Supp. 158.) " 'Assent ' means to approve, ratify, and confirm. It is the very language of contract. (*Chesapeake & O. Canal Co.* v. *Baltimore & O. R. Co.*, [Md.] 4 Gill & J. 1, 130.) " (1 Words & Phrases Judicially Defined, p. 545.) Under one contingency, the paragraph from the bond first quoted above would be a defeasance but, if the bank failed to perform any of the acts specified in the undertaking attached to the bond and to which defendant assented and agreed, it would become an obligation. A recovery was had upon a bond containing no obligation other than a similar provision. (*Burston* v. *Garrett Building Corporation*, 252 N. Y. 230.) That paragraph is a guaranty that checks will be paid when presented, and that all of the obligations of the undertaking will be performed. The second quoted paragraph is a general guaranty and indemnity against loss arising from the deposit of State funds in the Bank of United States.

The order should be affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within ten days from the service of the order of affirmance.

All concur, except RHODES, J., who dissents and votes for reversal of the order and dismissal of the complaint.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from service of copy of order to be entered hereon.