# J. W. Watkins Med. Co. *v.* Lovelady, *et al.*

## *Assumpsit.*

(Decided February 12, 1914. Rehearing denied April 16, 1914.
65 South. 52.)

1. *Principal and Surety; Surety; Guarantor; Difference Between.*—
A surety is bound with the principal as an original promisor and is
a debtor from the beginning—he insures the debt; a guarantor an-
swers for the debtor's solvency and must make good the consequence
of the failure of the principal to pay or perform, and is bound
only in the event the principal does not pay or perform.

2. *Same; Contracts or Construction.*—The instrument in question
examined and held to create only a guaranty, and that the signers
thereof were not sureties.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Assumpsit by the J. R. Watkins Medical Company
against S. P. Davidson as principal, with W. E. Love-
lady and others as sureties. Judgment for defendant
Lovelady and others, and plaintiff appeals. Affirmed.

Count 1 is based upon damages for the breach of an
agreement entered into by defendant jointly and sever-
ally with plaintiff on the 1st day of December, 1911. The
second count is based upon the said agreement, by which
it is alleged that W. P. Ryan and W. E. Lovelady then
and there and thereby jointly and severally agreed and
guaranteed to pay plaintiff the sum of $428.88 within
the time and in the manner as in said agreement pro-
vided. It is then averred that after the execution of
and delivery of said agreement, and relying on the prom-
ises and agreements of the said defendants, and each of
them, plaintiff performed the conditions of said agree-
ment, and in the performance thereof sold and delivered
to defendant S. P. Davidson upon his order and request
free on board cars at Winona, Minn., and Memphis,

Tenn., its medicines, extracts, and other articles at the prices mentioned in said agreement in the sum of $534.-70; and plaintiff avers that no part of said sum has been paid, except the sum of $66.10, although payment thereof is due and has been duly demanded of each and all of said defendants. The third, fourth, and fifth counts were on the common counts.

The contract between the medical company and S. P. Davidson was briefly: That the medical company would furnish and deliver to Davidson at any of its regular places of shipment f. o. b. cars any and all medicines, extracts, and other articles manufactured and sold by the medical company, or such as may hereafter be manufactured and sold by it, at the usual and customary wholesale prices, as Davidson may reasonably require for sale by him from time to time, from the 1st day of December, 1911, the date of the contract, until March 1, 1913. The contract then fixes the territory, and requires Davidson to devote his whole time and attention to making a diligent and personal canvass of the territory at least three times a year, to keep a complete record of all goods disposeed of by him, and to make the company a complete, regular written report of the sales and collections, and, if required, to make a report of the goods on hand and all outstanding accounts. Davidson agrees to pay the company wholesale prices and the prepaid freight and express thereon, if any, weekly, and at the termination of the agreement to pay the whole amount remaining unpaid, or cash in ten days, with 3 per cent. discount from the wholesale prices, and at the termination of the agreement to return goods on hand in good and merchantable condition to the party of the first part f. o. b. cars Winona, Minn. It is mutually agreed that the party of the second part shall sell no other goods or articles except

such as furnished by the medical company; that he shall bear all expenses of freight and all expenses incident to and connected with a canvass of the territory in the sale of the goods; shall have no authority or power to incur debts or liability of any character in the name of or for or on account of the company; and the company shall, in no way, contribute to the expenses of or share in the profits or losses of such sale. This contract was executed by the J. R. Watkins Medical Company and by S. P. Davidson.

Following this contract is the following, but whether or not on the same or a separate sheet of paper does not appear:

In consideration of $1 in hand paid by the J. R. Watkins Medical Company, the receipt whereof is hereby acknowledged, and the execution of the foregoing agreement by the said company, and the sale and delivery by it to the party of the second part of its medicines, extracts, and other articles, and the extension of the time of payment of the amount due from him to said company as therein provided ($428.88), we, the undersigned, do hereby jointly and severally guarantee the full and complete payment of said sum, and for said medicines, extracts, or other articles, and the prepaid freight and expenses thereon at the time and place and in the manner in said agreement provided.

[Sureties sign here, business men preferred.]
Sign in ink    Occupation    P. O. Address
   [Signed]
W. P. Ryan    Farmer Maylene, Ala.
W. E. Lovelady Farmer Montevallo, Ala., R. F. D. No. 1.

The above-mentioned sureties will be furnished, upon request, at any time, a statement of the amount due the company from the party of the second part.

The further signatures are sufficiently set out in. the opinion of the court. The demurrers raise the question discussed in the opinion.

BROWN, LEEPER & KOENIG, and TOWNEY, SMITH & TOWNLEY, for appellant. The contract is a contract of suretyship, and Lovelady was a proper party defendant with the principal.—*Saint v. Wheeler,* 95 Ala. 362; *Evans v. Keeland,* 9 Ala. 42; 8 Pick. 428; 45 Ind. 262; 2 Am. Rep. 323; 27 A. & E. Enc. of Law, 431, 32 Cyc. 14. Under these authorities and under the language of the contract, Lovelady was a surety and bound with the principal for the payment of the debt.

RIDDLE & ELLIS, for appellee. A principal and a surety are directly and jointly bound, and may be sued jointly, but a guarantor is only liable collaterally and cannot be joined in the same suit with the principal.— *W. T. R. Med. Co. v. Tarpley,* 59 South. 512. Under the language of the contract, and under the authorities supra, the court properly sustained demurrers to the complaint.

SAYRE, J.—When the parties formulated the contract exhibited to counts 1 and 2 of the complaint, most likely they had not in mind the distinction between suretyship and guaranty which the courts generally have observed. This appears from the fact that, while in the body of the contract sued upon defendant Lovelady and another undertake to "guarantee" the performance of his agrement by Davidson, the principal obligor, at the bottom of the contract, which evidently had been prepared by the obligee medical company, and was intended for signature by, and was in fact signed by, those parties only who would answer for Davidson's

default, was this direction, "Sureties sign here, business men preferred;" and under the place reserved for the signatures of the obligors was this statement, "The above-mentioned sureties will be furnished, upon request, at any time, a statement of the amount due the company from the party of the second part," and this notation: "Signed by the above sureties in our presence. Witness sign here." The main contract had been executed by and between the medical company and Davidson. Both agrements were shown by one paper, as we infer. Each depended upon the other. They nevertheless, for the purposes of this suit, which hinges upon the distinction adverted to in the beginning, must be taken and held for separate contracts, as the difference in the contracting parties and in the obligations assumed sufficiently indicate. And this suit, so far at least as concerns the appellee, Lovelady, in whose favor the jugdment on demurrer was rendered in the court below, is based necessarily upon that agreement into which he entered, and by which he became collaterally liable, and this is true though for the full meaning of the contract in suit recourse must be had to the terms of the primary agreement between Davidson and the medical company. The single term of obligation in the collateral agreement here is "guarantee," and this term is without modification or limitation in the body of the contract. Appellant attaches importance to the fact that appellee guaranteed payment "at the time and place and in the manner in said agreement provided," referring to the primary contract. But this language is without significance in the present contention, for, whether the contract binding upon appellee was one of guaranty or suretyship, in either event appellee became bound for Davidson's performance of his undertaking "at the time and place and in the manner in said agree-

ment provided"; the only question being whether that responsibility was absolute or conditional.

Contracts of suretyship and of guaranty have much in common—in both the undertaking is to answer for the debt, default, or miscarriage of another. The difference is that a surety insures the debt, is bound with his principal as an original promisor, is a debtor from the beginning; a guarantor answers for the debtor's solvency, must make good the consequences of his principal's failure to pay or perform, is bound only in case his principal is unable to pay or perform. To this effect is *Saint v. Wheeler Mfg. Co.,* 95 Ala. 362, 10 South. 539, 36 Am. St. Rep. 210; 20 Cyc. 1400. From this difference, one consequence of importance in respect of the procedure to be followed in the enforcement of liability flows: "A principal and a surety, being equally bound, may be joined in the same suit; but a guarantor, being bound by a separate contract, must be sued separately."—14 Am. & Eng. Encyc. (2d Ed.) 1130.

This case requires that the obligation of Lovelady be defined as either that of a surety or a guarantor. The result in this case is to be determined, as matter of law, from the language of the contract, though, as matter of fact, the parties may not have considered the difference, for there is nothing else to disclose the intention of the parties. They must be held to the legal intendment of the language they employed. As we have seen, Lovelady guaranteed Davidson's undertaking in the only language of obligation he employed, and this he did in a separate contract. The separation of the contracts indexed the intention of the parties to make an engagement of guaranty, as well as the term used. These are the principal factors of interpretation, since they arise out of the body and substance of the contract. They must therefore have a controlling influence in de-

termining the intention of the parties, notwithstanding the contract was incorrectly labeled as a contract of suretyship in those incidental directions and notations to which we have referred. The trial court so held, and its judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.