# Louisville & Nashville R. R. Co. v. Miller.

## Injury to Passenger.

(Decided May 14, 1914. 65 South. 169.)

*Carriers; Passengers; Injury; Negligence.*—Where a train stopped long enough at a station to permit a passenger to get his overcoat and grip and walk down on the bottom step, when the train was suddenly started, throwing him to the ground, an inference of the carrier's negligence in operating the train was afforded the jury authorizing them to base thereon a verdict for plaintiff for the carrier's negligence, under count 4.

(Mayfield and Sayre, JJ., dissent.)

APPEAL from Blount Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. S. Miller against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The first count, after stating the relationship existing between plaintiff and defendant, plaintiff's destination as Pana on said line of railway, and that plaintiff attempted to alight at his point of destination, alleged that he was injured by the instant starting of the train, or by a sudden jerk of the train when starting off. The fourth count was based on the negligent operation of the train, and the negligent conduct of the business. The testimony for plaintiff tended to show that plaintiff took passage on a passenger train on said line of railroad from Attalla to Pana, and when the train reached Pana, and stopped for passengers to alight, plaintiff was in the act of alighting, and just as he went on the bottom step, standing on his right foot with his left foot going to the ground, they started the train very suddenly, pitching him some six or eight feet, striking his head and shoulders on the ground; that the train stopped long enough for him to get his overcoat and grip and walk out of the smoker and get down on the bottom step, when the rain was suddenly started. The other witnesses for plaintiff testified to substantially the same state of facts. The charge referred to is as follows: "Unless the jury believe from all the evidence in this case that plaintiff's injuries were caused by the sudden or violent starting of defendant's train upon which plaintiff was a passenger while plaintiff was attempting to alight from or get off the train, you must find for defendant under the first and fourth counts of the complaint."

WARD & WEAVER, for appellant. There were two distinct propositions as to the cause of the accident, with

the great weight of authority pointing to the fact that the stop was sufficiently long to permit plaintiff to alight, but that he did not attempt to do so until the train was put in motion, and it follows that the court erred in refusing the charges requested and in overruling defendant's motion for a new trial.—*B. R. L. & P. Co. v. Owens,* 33 South. 8; *B. R. & E. Co. v. Clay,* 19 South. 309; *K. C. M. & B. v. Weeks,* 34 South. 16; *So. Ry. v. Hill,* 39 South. 987; *So. Ry. v. Morgan,* 54 South. 626.

RUSSELL & JOHNSON, and JOHN A. LUSK & SON, for appellee. There was no error in refusing the charges requested.—*M. & O. v. George,* 94 Ala. 201; *L. & N. v. Sandlin,* 125 Ala. 585; *A. G. S. v. Bonner,* 39 South. 619; *Bessemer L. Co. v. Tillman,* 139 Ala. 462. The verdict was not excessive and the court will not disturb the judgment.—*U. S. C. I. P. & F. Co. v. Granger,* 172 Ala. 546; *Killian v. Killian,* 169 Ala. 500.

ANDERSON, C. J.—We are of the opinion that this case should be affirmed. We think that the evidence afforded an inference for the jury that the defendant was guilty of negligence, whether the train was started suddenly or violently or not as hypothesized in the defendant's refused charge, and for which plaintiff could recover under the fourth count.

We also think that the verdict was not so palpably contrary to the overwhelming weight of the evidence as to justify the reversal of the trial court for declining to grant the motion for a new trial.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738.

Affirmed.

MCCLELLAN, SOMERVILLE, DE GRAFFENRIED, and GARDNER, JJ., concur. MAYFIELD and SAYRE, JJ., dissent.

SAYRE, J.— (dissenting).—The charge requested by defendant and made the subject of the first assignment of error should have been given. The complaint on which the case was submitted to the jury contained but two counts, viz., those numbered 1 and 4. Count 1 stated a case substantially according to the hypothesis of the charge. Count 4 alleged in the most general terms negligencce in the conduct of defendant's business; but it is not denied, is in fact virtually conceded in appellee's brief, that plaintiff relied on the testimony tending to establish the case hypothesized in the charge. There was therefore but one question to be decided by the jury, and that was whether plaintiff had made out a case according to the hypothesis of the charge. If plaintiff did not make out such a case, defendant was entitled to a verdict, and this, nothing more, was the assertion of the charge.

Appellee indeed recognizes that his case is in the posture indicated, acknowledges, by passing the matter sub silentio, that a statement by the court to the jury of the substantial proposition of the charge was due to defendant, but seeks to excuse the court's refusal to give it on two grounds: (1) The charge was bad in form; (2) the charge was not requested before the jury retired. Neither proposition can be sustained.

Appellee cites a number of cases in which it was held that a charge predicating a verdict for defendant on particular counts is bad in form, inapt, confusing, where there are other counts upon which plaintiff might recover under the evidence.—*Kress v. Lawrence,* 158 Ala. 652, 47 South. 574, and cases there cited. Those adjudications are not in point. Here counts 1 and 4 constituted the entire complaint as it was at the time of its submission to the jury. Construed in connection with the evidence, these· counts stated the same case.

The substantive proposition of the charge was correct, the charge in form was free of confusing tendencies, and there was reversible error in its refusal.

Appellee argues that the bill of exceptions fails to show that the charge under review was requested and refused pending the trial and before the jury retired. The bill recites a request in writing for the charge at issue, its refusal, and that defendant duly excepted. Bills of exception are construed most strongly against the exceptor, and in some cases it has been said that it must affirmatively appear that charges under review were requested before the jury retired. But we apprehend that a court seeking to review cases and give judgment according to the substantial rights of the parties will not resort to a narrow, technical, and strained construction of the record in order to affirm or reverse. Without impugning the authority of those cases upon which appellee relies, we are of the opinion that the bill of exceptions in this case, fairly construed, means that defendant requested its charge and excepted to its refusal in the proper manner and at the proper time, that is, duly —as the bill affirms—otherwise the bill in its shape would not have been signed by the presiding judge.

I will not go into the facts of the case further than to say that on his own testimony plaintiff showed hardly more than the glimmer of a case, and that the defense was abundantly sustained by witnesses offered by the plaintiff as well as by those who testified on behalf of the defendant. The record, in my judgment, shows a meritorious case for reversal. In this view MAYFIELD, J., concurs.