Marshall, C. J.
 

 There are certain salient facts in this case which must be kept clearly in mind and in order that the proper rule be applied to the admitted facts each fact must be weighed and considered in its relation to every other fact in attempting to steer a clear course between decisions which on a cursory reading appear to be in conflict.
 

 . The guaranty in the instant case was given before any credit was extended by the bank, and the guaranty is limited to an indebtedness of $10,000, and the bank extended credit in the sum of $11,500, and thereafter the debtor became insolvent, whereupon the creditor submitted, and a receiver appointed by the court allowed, the entire claim of the bank, and in the distribution of assets paid a general dividend of 25 per cent. To state the proposition negatively in order to stress the decisive features of the case, the guaranty was not given
 
 *293
 
 to secure an indebtedness already existing. The Webers were not sureties or insurers. The payment of $2,908.90 was not made voluntarily by the debtor while he was solvent, but, on the contrary, the payment was made by process of law out of a trust fund then in course of administration for the equal benefit of all creditors. It must further be borne in mind that the Webers were guarantors, and not sureties or insurers, and, while these terms have in many instances been employed indiscriminately, there are certain well-defined distinctions and differences in the nature of the legal obligations created.
 

 A surety is primarily and jointly liable with the principal debtor. His obligation is created concurrently with that of the principal debtor. An action can be maintained against both jointly, even without statutory authority so to do. The obligation of a guarantor is collateral and secondary to that of the principal debtor and is fixed only by the inability of the principal debtor to discharge the obligation for which he is primarily liable. The contract of a surety is made at the same time and usually with that of the principal, while that of a guarantor is a contract separate and distinct from that of the principal. Unless authorized by statute, a guarantor cannot be sued jointly with the principal debtor. These elementary principles have been made the basis of certain well-defined rules of law which are decisive of the controversy in the instant case.
 

 A large number of authorities have been cited by counsel for the respective parties which have been industriously examined. All of the authorities upon the subject of the liability or nonliability of the
 
 *294
 
 Webers by reason of tbe form of tbe contract will be omitted from the discussion, because tbe court is unanimously of tbe opinion that a valid obligation was created and that tbe extension of credit beyond tbe limit of $10,000 did not discharge tbe Webers from liability
 
 pro tanto.
 
 Other authorities will be disregarded, because tbe language of tbe guaranty in those cases widely differed from the form of tbe guaranty in tbe instant case. Counsel for plaintiff have cited a number of authorities involving tbe principle of suretyship, and we have reached tbe conclusion that those cases are not applicable where tbe question involved relates to tbe application of dividends paid out of a fund then in process of administration for tbe benefit of all creditors. Where tbe indebtedness has been created before tbe guaranty is given, tbe authorities are quite uniform that tbe guarantor will be treated as an insurer and that tbe creditor must be made whole, even to tbe full limit of tbe liability of tbe guaranty, and that any dividends not voluntarily paid to tbe creditor should not constitute a defense
 
 pro tanto
 
 on tbe part of tbe guarantor. These cases, therefore, have no application.
 

 Another line of cases bolds that a
 
 surety,
 
 being jointly and concurrently liable with tbe principal debtor, may likewise be held to tbe full limit of bis contractual liability, and that, therefore, involuntary payments made after insolvency cannot accrue to bis benefit.
 

 There is, on tbe other band, a line of cases directly in point, based on facts in all respects parallel to the instant case. The earliest authorities are found in the English reports,
 
 Hobson
 
 v.
 
 Bass,
 
 6 Chancery- Appeals (L. R.), 792, was decided in
 
 *295
 
 1871. That case involved a guaranty of payment of all goods to be supplied, the guaranty not at any time to exceed the sum of 250 pounds. A credit of 657 pounds was extended. The debtor then became bankrupt. Proof in bankruptcy was made of the whole claim and certain dividends paid thereon and demand was then made upon the guarantor for the payment of the full amount of the guaranty in the sum of 250 pounds. The court held that the guarantor was entitled to a part of the dividend paid in the ratio which the guaranty of 250 pounds bore to the entire claim of 657 pounds. It was stated in the opinion that the surety did not guarantee the ultimate balance to the extent of 250 pounds, but the debt to that extent.
 

 In the case of
 
 Bardwell
 
 v.
 
 Lydall,
 
 7 Bingham, 489, 131 Eng. Rep., 189, the facts were exactly parallel to the case of
 
 Hobson
 
 v.
 
 Bass.
 
 In the opinion it is stated:
 

 “We are of opinion that such deduction ought to be made. If the whole amount of the debt from Mayhew had not exceeded the £400, it is clear that the defendant would have received the full benefit of the dividend of 8s. 7d. in the pound, as he could not have been answerable under the guaranty for more than the remainder, after the deduction of such dividend.”
 

 Again it is stated:
 

 “Suppose the sum which exceeds the £400 had been covered by the guaranty of another person, could it be contended that the plaintiffs might have applied the whole of the dividends to either part of the demand at their own election, and thus have varied, at their own pleasure, the extent of the responsibility of the two sureties?”
 

 
 *296
 
 A further hypothesis is stated:
 

 “Again, suppose in the principal case the defendant had paid the £400 to the plaintiff’s before the plaintiffs had made their claim against May-hew’s estate. There could be no doubt, in that case, that if they proved the whole demand, they would have been trustees for the defendant for the dividend on the £400; or, if they had declined to prove, that the defendant might have received the dividend on that sum, if the trust deed admitted of such an arrangement. And what difference can it make in the equitable rights of the defendant, whether such payment is made before, or is sought to be enforced against him after, the payment
 
 pro rata
 
 out of the estate of the principal?”
 

 In both of the English cases it is held that the payment of a dividend is to be applied to each and every part of the demand, and should operate as a part payment of that portion of the debt which is guaranteed, as well as that portion which is in excess of the guarantee.
 

 In the case of
 
 Ellis
 
 v.
 
 Emmanuel,
 
 1 Law Rep. Excheq. Div., 157, the court reviews all of the English cases theretofore decided and draws a distinction between guaranties given before the indebtedness is created and guaranties given to insure indebtedness theretofore created, and clearly lays down the rule that dividends paid otherwise than voluntarily by the debtor himself must be applied
 
 pro rata
 
 upon each dollar of the indebtedness of the debtor. These cases have been followed by many courts of the United States. In
 
 Olds Wagon Works
 
 v.
 
 Bank of Louisville,
 
 10 Ky. Law Rep., 235, the principle of
 
 pro rata
 
 payments was applied, and it was declared that there was a lien upon the
 
 *297
 
 fund for the benefit of all the debts. The same principle was followed in
 
 Blackstone Bank
 
 v.
 
 Hill,
 
 10 Pick. (27 Mass.), 129, and in
 
 Commercial Bank
 
 v.
 
 Cunningham,
 
 24 Pick. (41 Mass.), 270, 35 Am. Dec., 322.
 

 We have omitted discussion of any case cited by counsel on either side based upon facts other than the salient admitted facts of this controversy. We have confined the discussion to the application of payments made by process of law or
 
 in invitum.
 
 It may be admitted that a solvent debtor would have the right to direct the application of payments, or, in the event of his failure to direct such application, that the creditor could apply them. In insolvency proceedings, or where a general judgment has been rendered covering secured and unsecured claims, and there is a fund for distribution, such fund becomes a trust fund and every debt and every part of every debt is a lien upon such fund. Both debtor and creditor have lost the right to make application of the payment of dividends. Applying this rule, the dividend should be applied equally upon the $7,000 note, the $3,000 note, and the $1,500 note, and it makes no difference that the $1,500 note was given at an earlier date than the $3,000 note. If the dividend is applied upon all notes alike, and if the dividend is applied ratably upon each note, the result must be the same.
 

 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.
 

 Jones, J., not participating.