## UNION TRUST CO v CAROLINA BANK & TRUST CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10582. Decided May 26, 1930

Hyre & Hyre, Cleveland, for Union Trust Co.

Calfee, Fogg & White and John L. McChord, all of Cleveland, for Carolina Bank & Trust Co.

MIDDLETON, PJ and MAUCK, J (4th Dist) and SHERICK, J (5th Dist) sitting.

MAUCK, J.

The case was tried without the intervention, of a jury and a finding and judgment had for the plaintiff in the amount sued for. This proceeding is to reverse that judgment.

The record shows that Goolsby and Son Company negotiated the sale of a carload of cucumbers to the Brookhart Fruit Company of Cleveland and loaded the cucumbers in Seaboard car No. 28,322; that in arranging for credit the Brookhart Fruit Company advised The Union Trust Company that its guaranty was desired on the strength of a bill of lading for car No. 2822, and the Trust Company wired the bank that it would accept car 2822, but the bank translated the message to be an acceptance of car 28022. The bill of lading disclosing that the shipment was in car 28,322 was received by The Union Trust Company June

14th, 1927, and was returned unsatsified on June 16th. Car No. 28,322 in which the cucumbers were actually shipped was delivered to Brookhart, the consignee.

The testimony of Mr. Holmes, the freight agent of the Seaboard, is to the effect that the consignee was entitled to receive the shipment, although he was not in possession of the bill of lading, unless the bill of lading was "order notify", and that the shipment in this case was not "order notify" thus accounting for the delivery of the car to Brookhart, without the co-operation of The Union Trust Company.

It may be seen, therefore, that the Trust Company was not at fault if Brookhart got possession of car 28,322 without paying for the goods therein and that the sole fault therefor was the shippers in not making shipment "order notify". It is further apparent that if the Trust Company had accepted the bill of lading for car 28,322, and a bill had reached it for 2822 that it would have been bound to accept the latter bill also.

We have no disposition to extend the policy of strict construction of contracts of guaranty beyond its present limits. In this case we feel bound only to ascertain what the intentions of the parties to this contract were. Manifestly The Union Trust Company was obligating itself to pay the account of Brookhart to Goolsby, only on condition that it be protected by an assignment of the bill of lading to a designated car that would give it the legal title to the goods therein, including the right to receive and dispose of such goods.

It seems further clear to us that what the Trust Company had in mind was not that it should be protected by some equitable rights that would enable it, after a lawsuit, to become possessed of the property in question. It contracted with reference to a particular car, of whose contents it proposed to acquire an immediate right of possession. Its offer was to accept only in case the cucumbers were shipped in car No. 2822. Nothing is gained by pointing out that the number or description of the car did not affect the value of the shipment nor that it has since been learned that no other car was about this time consigned by this shipper to this consignee. The sole question is whether the Trust Company was justified in rejecting the bill when tendered. Not knowing that a bill for car 2822 might not come in and both parties having agreed upon the security being described in a certain way, the guarantor was not required to take any risks by accepting what it had not specifically agreed to accept.

"Where either by the express terms of the guaranty or by necessary implication, the guarantor's liability depends upon the performance of certain conditions or stipulations other than the principal's default, mere default on the part of the principal is not sufficient to fix the liability on the gurantor, but it also necessary that there be a proper performance on the part of the guaranty and of such conditions and stipulations." 28 Corpus Juris, 968.

The undisputed facts in the case show that the conditions upon which the guarantor's liability was predicated were never fulfilled. We accordingly reverse the judgment and proceeding to render the judgment that ought to have been rendered in the Common Pleas, judgment is here rendered for the plaintiff in error.

Middleton, PJ, and Sherick, J, concur.