## MIDLAND BANK v STECKER

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10762.  Decided Oct 20, 1930

Calfee, Fogg & White, Cleveland, for
Bank.

Maurice Q. Critchfield, and Stanley, Hor-
witz & Kiefer, all of Cleveland, for Stecker.

**LEVINE, J.**

As to the capacity of plaintiff to sue, we are of the opinion that this case comes within the terms of **11244 GC** which provides that:

"A trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another * * * may bring an action without joining with him the person for whose benefit it is prosecuted."

There is enough in the petition, by way of allegation, to show that the plaintiff, The Midland Bank, now The Liquidating Midland Bank, was trustee under the terms of the mortgage and trust deed, for the purpose of that instrument, and of the parties thereto.

It is alleged in the petition that The Midland Bank brings this action in its capacity as trustee under the terms of a guarantee contract.

The demurrer admits the allegatios of the petition, and in our opinion, capacity to sue appears upon the face of the petition.

There is, in our opinion, but one vital question in this case, namely, does the petition state a cause of action when it failed to allege that the plaintiff had sued the primary obligor and exhausted its assets? It is urged in behalf of the defendants that this is, strictly speaking, a suit upon a contract of guarantee as appears from the face of the instrument itself; that the defendants could be held to no greater liability than that of the ordinary guarantor; that before suit could be successfully prosecuted against the guarantors who are usually only secondarily liable, the petition must allege, and upon trial it must be proven in evidence, that the principal who was the primary obligor had been sued and that his assets had been exhausted.

Much strees is laid by the plaintiff upon certain language found in the contract of guarantee, to-wit, "the undersigned * * * guaratee to The Midland Bank * * * the full and prompt and punctual payment of the principal of and interest on said temporary bonds or definitive bonds as the case may be, according to their terms and tenor."

In the brief of counsel for the plaintiff, much learning was expended upon a distinction oft times found in the books and decisions, between a "guarantee of collectibility" and a "guarantee of payment."

The burden of plaintiff's argument is to the effect that where the guarantee is one of collectibility, or of the solvency of the principal obligor, that in such case the liability of the guarantor is secondary only, whereas, if the guarantee is one of payment, that the guarantor then becomes bound with the principal; that the guarantor then assumes a primary liability to the same extent as did the principal.

It is therefore claimed in argument that it was unnecessary to allege and prove that the primary obligor was sued and that its assets were exhausted before entering suit against the guarantor.

Both sides have collected many authorities adjudicated in the courts of many states of the Union relative to this question. We are of the opinion that the nature of the obligation of a guarantor depends upon the intention of parties in entering into the contract of guarantee, as expressed in the language and circumstances attendant upon the transaction. We are aided in

reaching this conclusion by the well known rule of construction which the courts adopted, to the effect that a contract of guarantee will be construed in favor of the guarantor.

When an examination is made into the language and attendant circumstances of the transaction herein, as it appears upon the face of the petition, it leads us to the definite conclusion that the obligation of the defendants was a secondary obligation and that therefore it is incumbent upon the plaintiff to exhaust the primary obligation before being able to sue these defendants.

1. The instrument of the guarantee itself used the language "guarantee".

2. The agreement of guarantee is contained in a separate and distinct instrument and does not appear on the bonds themselves which the instrument of guarantee seeks to guarantee.

3. The primary obligation on the bonds is secured by mortgage on real estate.

The use of the word "guarantee" in an agreement of guarantee, although not conclusive, imports not an absolute but a conditional promise to pay.

In Watkins Medical Co. vs Lovelady, 133 Miss 517, the court said in sustaining the demurrer of the guarantor in a petition against both the principal obligor and the guarantor:

"The single term of obligation in the collateral agreement here is 'guarantee' and this term is without modification or limitation in the body of the contract. Appellant attaches importance to the fact that the appellee guaranteed payment 'at the time and place and in the manner of said agreement provided' referring to the primary contract. But this language was without significance in the present contention, for whether the contract binding upon the appellee was one of guarantee or suretyship, in either event appellee became bound for Davidson's performance of his undertaking 'at the time and place and manner provided' the only question being whether the responsibility was absolute or conditional * * *"

"The difference (between suretyship and guarantee) is that a surety insures the debt, is bound with the principal as an original promiser, is a debtor from the beginning; a guarantor answers for the debtor's solvency, must make good the consequences of his principal's failure to pay or perform, is bound only in case his principal is unable to pay or perform."

Ralleigh v. Salter, 31 Fa. Ap. 329, 120 S. E. 678, 1923.

Rouse vs Wooten, 140 N. E. 35, 53 S. E. 430, 1906.

Marberger v Pott, 16 Pa Ap 9, 1851

Imperial Water vs Meserve, 62 Cal. Ap. 603, 217 P. 533, 1923.

Dole vs Young, 41 Mass 230, 1843.

The petition shows that the guarantee is not written upon the bonds themselves, but is contained in a separate instrument. This, in our opinion, is strong evidence that it was intended to be a conditional obligation.

In Emerson Co. vs Raugstad, 65 Mont. 997, 211 P. 322, the court said:

"A contract of guarantee is distinguishable from one of surety in that the former is an independent contract whereby the promissor is bound independently of the person for whose benefit it is made, while the latter is a contract whereby the promisor is bound jointly with the principal on the same contract."

The petition discloses the fact that the primary obligation was secured by a first mortgage on real estate. This, in our opinion, is an additional element, indicating the intention of the parties that this was to be not an absolute guarantee but a guarantee conditioned at least upon the exhausting of the mortgage security.

A reading of the petition shows that the obligation of the bonds which the instrument of guarantee seeks to guarantee, has has been fully entered into and consummated on the part of the principal. The instrument of guarantee is entered into at a time subsequent thereto and upon a separate instrument. It likewise appears that the agreement of guarantee is founded upon a different and separate consideration.

To hold, after a perusal of the allegations of the petition, that the guarantee in this case was absolute, primary, and in the nature of a suretyship contract, would be to do violence to certain well founded principles which distinguish suretyship contracts from contracts of guarantee.

A surety usually enters into the same obligation as that of his principal. The signature of both usually appears upon the same instrument and the same consideration usually supports the obligation of both the principal, as well as the surety.

Since it appears from the pleadings that the obligation of the bond on the part of the principal obligor had been fully con-

summated and that the contract of guarantee was entered into at a time subsequent thereto, and upon a different instrument, and also that it was founded upon a different and separate consideration, the mere fact that it guarantees payment does not convert the obligation into a primary obligation.

There is plenty of authority to this effect.

In construing the language of the guarantee most favorably to the guarantor, the court finds it necessary to hold that what the parties intended by the language of the contract of guarantee is that the guarantors promised to pay if the principal cannot pay.

In Watkins Medical Co. vs. Lovelady, 196 Ala. 414, the defendants in a separate instrument agreed as follows:

"We, the undersigned, do hereby jointly and severally guarantee the full and complete payment of said sum * * * at the time and place and in the manner of said agreement provided."

The defendants demurred on the ground that they could not be sued jointly with the principal obligors. The court sustained the demurrer, and the ruling was affirmed by the Supreme Court. The court said:

"Contracts of suretyship and of guaranty have much in common—in both the undertaking is to answer for the debt, default or miscarriage of another. The difference is that the surety insures the debt, is bound with his principal as an original promissor, is a debtor from the beginning; a guarantor answers for the debtor's insolvency; must make good the consequence of his principal's failure to pay or perform, is bound only in case his principal is unable to pay or perform. * * * * "

"This case requires that the obligation of Lovelady be defined as either that of a surety or a guarantor. The result in this case is to be determined as a matter of law from the language of the contract, though as a matter of fact, the parties may not have considered the difference. If there is nothing else to disclose the intention of the parties, they must be held to the legal intendment of the language they employed."

"As we have seen, Lovelady's guaranty of Davidson's undertaking is the only language of obligation he employed, and this he did in a separate contract. The separation of the contracts indexed the intention of the parties to make an engagement of guaranty as well as the term used. These are the principal factors of interpretation, since they arise out of the body and substance of the contract."

In Etheridge vs Raleigh, 29 Ga. App. 698, 116 S. E. 903, 1923, the defendant in a separate instrument guaranteed the payment in full by the principal for merchandise to be delivered by the plaintiff to the principal. The plaintiff sued the principal, and the defendant, jointly on the contract of purchase. A demurrer of the defendant was overruled, and the decision reversed by the Court of Appeals of Georgia. In its opinion the court stated:

"A contract of surety is where one lends his credit by joining in the principal debtor's obligation, so as to render himself directly and primarily responsible with him and on the same contract and without any reference to the solvency of the principal......A contract of guaranty exists where one lends his credit for the benefit of another but under an obligation which is separate and distinct from that of the principal debtor, and where he renders himself secondarily or collaterally liable on account of any inability of the principal to perform his own contract. It is evident that a surety who simply joins the principal and thus becoming liable upon the principal's obligation will usually from the nature of the transaction become bound with his principal by the same instrument, executed at the same time, and on the same consideration. While a guarantor who enters upon his own separate and distinct undertaking will usually from the nature of such a transaction become bound before or after that of the principal and the contract is often founded on a separate consideration from that supporting the contract of the principal."

It appears clear to us that the courts distinguish a guarantee of payment which is made upon the instrument of the original obligation, for the same consideration, and at the same time, from a contract of guarantee which is embodied in a separate instruemnt for a different consideration and executed at a different time. The former contract is held by many courts to be simply a contract of surety and the obligation of the surety arises upon the failure of the principal to pay; whereas, the latter contract is a "guarantee" with the obligation of a guarantor to pay only if it is proven that a principal cannot or is

unable to pay.

The petition in the case at bar nowhere alleges that the parties intended the instrument of guarantee to be in the nature of a primary obligation.

We hold, therefore, that the common-pleas court was right in ruling as it did, and its judgment will be affirmed.

Cline, J, concurs in judgment, Vickery, J, dissenting.

### BERWALD STEWART CO v MITCHELL

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10796. Decided Oct. 13, 1930

Boyd, Brooks & Wickham, Cleveland, for Berwald Stewart Co.

Arthur W. Hill, Cleveland, for Mitchell.