LAKEMORE PLAZA, INC., PLAINTIFF, *v.* SHOENTERPRISE CORP., DEFENDANT.

Common Pleas Court, Tuscarawas County.

No. 35374.   Decided January 5, 1962.

*Messrs. Brouse, McDowell, May, Bierce & Wortman* and *Messrs. Syler & Redinger,* for plaintiff.
*Messrs. Smith, Renner, Hanhart & Miller,* for defendant.

LAMNECK, J.   The plaintiff in this action seeks to recover the sum of $70,000 from the defendant, alleged to be due under a real estate lease and a "Guarantee of Lease," because of the refusal of a lessee to perform the convenants and conditions of said lease which the plaintiff claims in its petition that the defendant guaranteed.

It is alleged in the petition that the plaintiff corporation leased certain premises described in the petition to one Elmer Klopper for a period of ten years on February 20, 1959; that on or about February 20, 1959, he assigned said lease to the Lakemore Shoe Corporation; that on or about September 3, 1959, the plaintiff consented to said assignment; that on or about March 18, 1959, the defendant executed and delivered to the plaintiff a certain written instrument styled a "Guarantee of Lease" in which it promised and agreed "to pay unto the within named lessor (Plaintiff), its successors or assigns such sum or sums of money as will be sufficient to make up such deficiencies, and all damage that may accrue to lessor by reason of the violation or non-performance of any of the covenants of this lease" by the lessee.

In the instrument styled "Guarantee of Lease" it is stipulated:

"provided, however, that Shoenterprise Corporation shall be given twenty (20) days prior written notice by registered mail of Lessor's intention to declare a default in said lease and if action has been taken to remedy the condition complained of within the twenty (20) day period no default shall be declared in said lease, and provided further that in the event default is declared in said lease or in the event Shoenterprise Corporation is requested to make any payments or do anything under the terms of this guarantee that Shoenterprise Corporation shall have the right at its option to be considered as and recognized as Lessee and shall have the right and privilege of assigning this lease under the same terms and conditions to its nominee for any lawful purpose approved by Lessor such approval not to be unreasonably withheld.

"This Guarantee shall be a continuing one and shall not be affected in any way by the bankruptcy or insolvency of the Lessee or its successors and assigns or by a disaffirmance or abandonment by a Trustee of such Lessee, its successors or assigns."

The defendant filed a demurrer to the plaintiff's petition on the ground that the petition does not state a cause of action.

The defendant claims that the guaranty is conditional and that it is not liable until the plaintiff has exhausted his remedies, against the lessee. There is no allegation in the petition that the plaintff exhausted his remedies against the lessee, The Lakemore Shoe Corporation.

Under Section 1303.41, Revised Code, it is provided that "the person primarily liable on an instrument is the person who by its terms is absolutely required to pay it. All other persons are secondarily liable."

The defendant further claims that the plaintiff failed to comply with the condition contained in the guaranty that the defendant guarantor "be given twenty (20) days written notice by registered mail of Lessor's intention to declare a default in said lease."

Where a guaranty is absolute, the creditor may proceed against a guarantor without first exhausing his remedies against the principal debtor. Where the guaranty is conditional, the

guarantor is not liable to a suit by a creditor until the creditor has first exhausted his remedies against the principal debtor.

Is the guaranty alleged in this case absolute or conditional?

In determining whether a guaranty is absolute or not, the weight of authority seems to be that a guaranty is absolute:

(1) If it is an absolute guaranty instead of a "guarantee," and

(2) If it is not dependent upon any condition expressed or implied, and

(3) If the guaranty of payment is part of the instrument of the original obligation for the same consideration and at the same time, and not in a separate instrument for a different consideration executed at a different time.

In *Madison National Bank* v. *Webster,* 117 Ohio St., 290, 158 N. E., 543, the instrument read "we jointly and severally hereby *guarantee* the payment of all money and credit," etc. In that case the court held that the instrument was a conditional guaranty and not absolute.

In *Liquidating Midland Bank* v. *Stecker,* 40 Ohio App., 510, 179 N. E., 504, the instrument on which the action was based read:—

"The undersigned . . . guarantee to The Midland Bank . . . the full and prompt payment of the principal of and interest on said temporary bonds," etc. This was held to be conditional guaranty.

In the instant petition, the instrument executed separate from the lease, for a different consideration, and at a subsequent time, is styled "Guarantee of Lease." In the body of the instrument it is provided, "that in the event default is declared in said lease or in the event Shoenterprise Corp. is requested to make any payments or do anything under the terms of this *guarantee*" etc. In the last paragraph of the instrument it is stated, "This *Guarantee* shall be a continuing one and shall not be affected by the bankruptcy," etc.

An absolute guaranty is one "not dependent upon any condition or contingency expressed in or implied from the contract." See 26 Ohio Jurisprudence (2d), 307, Section 9.

Under the terms of the instrument styled "Guarantee of Lease," the defendant is liable thereunder if there is:

1. A default on the part of the lessee or its successors, and

2. Only for "such sum or sums of money as will be sufficient to make up such deficiencies," and

3. If the defendant is "given twenty (20) days prior written notice by registered mail of Lessor's intention to declare a default in said lease."

The use of the word "*guarantee*" three times in the instrument itself and the foregoing provisions seem to indicate that the instrument in controversy was intended to be a conditional guaranty.

In *Liquidating Midland Bank* v. *Stecker, supra,* on page 521, the following appears:—

"It appears clear to us that the courts distinguish a guaranty of payment, which is made upon the instrument of the original obligation, for the same consideration and at the same time, from a contract of guaranty which is embodied in a separate instrument for a different consideration and executed at a different time. The former contract is held by many courts to be simply a contract of surety, where the obligation of the surety arises upon the failure of the principal to pay; whereas, the latter contract is a guaranty with the obligation of a guarantor to pay only if it is proven that a principal cannot or is unable to pay."

Also in *Madison National* v. *Weber, supra,* on page 293, the court said:—

"A surety is primarily and jointly liable with the principal debtor. His obligation is created concurrently with that of the principal debtor. An action can be maintained against both jointly, even without statutory authority so to do. The obligation of a guarantor is collateral and secondary to that of the principal debtor and is fixed only by the inability of the principal debtor to discharge the obligation for which he is primarily liable. The contract of a surety is made at the same time and usually with that of the principal, while that of a guarantor is a contract separate and distinct from that of the principal. Unless authorized by statute, a guarantor cannot be sued jointly with the principal debtor. These elementary principles have been made the basis of certain well-defined rules of law which are decisive of the controversy in the instant case."

The plaintiff has cited *Eden Realty Company* v. *Weather-Seal, Inc.*, 102 Ohio App., 219, 142 N. E. (2d), 541, in support of its position that the guaranty in this case is absolute. However, in that case, it was provided in the written guarantee, "This guaranty is absolute and unconditional. Demand and notice of non-payment or non-performance, diligence in collection and notice of acceptance of this guaranty, are hereby expressly waived."

There are no such provisions in the instrument under consideration in the instant case.

On December 7, 1960, the plaintiff sent a letter to the successor lessee The Lakemore Shoe Corporation, which reads as follows:

"You are hereby declared in default of that lease dated February 3, 1959, by and between Lakemore Plaza, Inc. as Lessor and Elmer Klopper as Lessee, subsequently assigned by said Elmer Klopper to Lakemore Shoe Corporation by assignment of Lease dated February 20, 1959, due to your failure to pay minimum rental for the months of November and December 1960, in the amount of $1,250.00.

"Unless such default is corrected within fifteen (15) days, the Lessor, at any time thereafter, may terminate the lease and repossess the demised premises. In the event such action is necessary, you will be required to indemnify the Lessor against all unavoidable loss of rent which the Lessor may incur by reason of such termination during the residue of the term of said lease."

On January 11, 1961, the plaintiff sent another letter to the defendant which reads as follows:—

"Shoenterprise Corporation is hereby notified that Lakemore Shoe Corporation is in default of that lease dated February 3, 1959, by and between Lakemore Plaza, Inc., as Lessor, and Elmer Klopper, as Lessee, subsequently assigned by said Elmer Klopper to Lakemore Shoe Corporation by Assignment of Lease dated February 20, 1959. Said default consist of non-payment of rent for the months of November and December 1960, and January 1961, in the amount of $1875; and the abandonment of the leased premises by Lakemore Shoe Corporation.

"This letter constitutes your twenty (20) day notice of such default as required under that Guarantee of Lease dated March 18, 1959. If such default is not corrected within twenty (20) days, you will be required, Pursuant to the terms of said Guarantee, to pay Lakemore Plaza, Inc. $1,875 plus all damages that may accrue to it by reason of such default."

Under the Guarantee Agreement, the plaintiff was required to give "twenty (20) days prior written notice by registered mail of Lessor's intention to declare a default in said lease and if action has been taken to remedy the condition complained of within the twenty (20) day period no default shall be declared in said lease. . . ."

Under the letter sent to the successor lessee, The Lakemore Shoe Corporation, dated December 7, 1960, the plaintiff did two things, viz:—

1. It declared a default.

2. It gave notice of intention to terminate the lease and repossess the demised premises if the default was not corrected within fifteen (15) days.

It is quite evident from the foregoing letter that the plaintiff had declared a default in said lease on December 7, 1960, without giving the defendant twenty (20) days notice of its intention to do so. According to the petition the notice of intention to declare a default was given to the defendant in its letter of January 11, 1961, approximately thirty five days after it had declared a default.

In *Union Trust Co.* v. *Carolina Bank & Trust Co.*, 8 Ohio Law Abs., 435, the court in quoting from 28 Corpus Juris, 968, said:—

"Where either by the express terms of the guaranty or by necessary implication, the guarantor's liability depends upon the performance of certain conditions or stipulations other than the principal's default, mere default on the part of the principal is not sufficient to fix the liability on the guarantor, but it is also necessary that there be a proper performance on the part of the guaranty and of such conditions and stipulations."

In the foregoing case, the Union Trust Co. had obligated itself to pay the account of a buyer of goods, only on condition that it be protected by an assignment of a bill of lading to a

designated railroad car. The bill of lading which it received referred to a different car. The court held that the Union Trust Co. was not liable on its guaranty. See 26 Ohio Jurisprudence (2d), page 326, Section 20.

Where a guarantor attaches a certain condition or conditions to his agreement, such condition or conditions must be strictly construed in favor of the guarantor, and the failure of a creditor to strictly comply with any condition or conditions invalidates the guaranty.

In this case the plaintiff did not comply with the condition in the "Guarantee of Lease" requiring it to give twenty (20) days prior written notice by registered mail to the defendant of its intention to declare a default before it declared a default.

For the foregoing reasons, the demurrer is sustained.

Exceptions noted.