LAWRENCE E. KIRWIN, Respondent, v. COMMON SCHOOL DISTRICT No. 9 OF THE TOWN OF ISLIP, SUFFOLK COUNTY, NEW YORK, and Others, Appellants.— Action upon a contract for the building of a school in the town of Islip. The plaintiff sought the balance due on work and materials furnished together with the percentage accruing in his favor, and for damages for breach of contract and interest. Judgment for the plaintiff and order granting an extra allowance unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ.

LAWRENCE LEVENBERG, Appellant, v. SPYROS P. SKOURAS, Defendant, and GEORGE P. SKOURAS, Respondent.— The action is by an individual bondholder against one of the guarantors of a trust mortgage securing a large issue of bonds. On motion by plaintiff for summary judgment, and on his stipulation that in the event the motion were denied the defendant should become entitled to an order dismissing the complaint, the court at Special Term denied plaintiff's motion and granted an order dismissing the complaint. Order dismissing the complaint and the judgment entered thereon affirmed, with ten dollars costs and disbursements. The bond provided that the instrument of guaranty was annexed to and formed a part of the trust deed and they were to be taken and considered together as parts of the same contract; and the bond itself in several places made reference to the trust deed as defining the rights of all bondholders. In the trust deed there was a provision in effect that every holder of the bonds accepted them with the understanding and agreement that every right of action, whether at law or in equity, upon or under the indenture, was vested exclusively in the trustees, and that no holder of a bond or coupon should have any right to institute any action at law upon any bond, or otherwise, or any suit in equity, or otherwise. Under this language the plaintiff could not maintain this action, for he had notice that the trust deed and bond and guaranty were all parts of one and the same contract. Actions of this nature depend largely upon the language of the instruments which vary greatly in their terms. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

SIMON LIEBERMAN, Appellant, v. AMBROSE RIKEMAN, Respondent.— Order setting aside the verdict of the jury reversed on the law, with costs, motion denied, verdict reinstated, and judgment directed to be entered thereon, with costs. The facts amply demonstrate that defendant had falsely arrested and maliciously prosecuted the plaintiff. Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ., concur.

EDNA McKEEVER, Appellant v. CENTRAL TAXI CO., INC., Defendant, and LAWRENCE A. EVANS, Respondent.— On a motion addressed to the discretion of the court under the provisions of section 1476 of the Civil Practice Act, order awarding costs in a negligence action to a successful defendant who had been joined with another against whom the plaintiff had recovered a judgment, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.