SECURITY-FIRST NATIONAL BANK OF LOS ANGELES, as Trustee under a Trust Indenture Executed by the SUGAR PINE LUMBER COMPANY, Respondent, v. MARJORIE FLEMING LLOYD-SMITH, Appellant.

Second Department, April 1, 1940.

*James A. Fowler, Jr.* [*F. J. Knauer* and *W. R. Perdue, Jr.*, with him on the brief], for the appellant.

*Howard Osterhout* [*John B. Coman* and *John S. McCock* with him on the brief], for the respondent.

PER CURIAM. Action by a successor trustee under a trust indenture executed by the Sugar Pine Lumber Company to enforce a guaranty by the defendant of payment of bonds issued under the trust indenture.

Defendant moved, under rule 113 of the Rules of Civil Practice, for judgment dismissing the complaint on the ground that the plaintiff was not the real party in interest and was without power or right to enforce the guaranty agreement; that the guaranty agreement could only be enforced by the bondholders.

The trust indenture does not contain any specific provision authorizing the trustee to enforce the guaranty. The guaranty

of payment is " to the holders of said bonds," and also guarantees to the bondholders the fulfillment of the terms of the indenture securing the bonds. It contains no reference to the trustee. Both instruments were executed on the same day. When read together they contain no authorization to the trustee to enforce the guaranty. The general rule is that a party entitled to enforce a principal obligation may enforce the guaranty of payment thereof on the theory that the guaranty is accessory to the principal obligation. (*Westchester Mortgage Co.* v. *McIntire, Inc.*, 168 App. Div. 139; *Claflin* v. *Ostrom*, 54 N. Y. 581.)

The trustee herein is entitled, under the trust indenture, to enforce the original obligation as against the principal debtor, the Sugar Pine Lumber Company. But the rule just stated in respect of a guaranty is only applicable where the one entitled to enforce the original obligation, the trustee herein, is in possession of the obligation which is the subject of the guaranty and out of which the obligation to pay under the guaranty arises. (*Fitkin* v. *Century Oil Co.*, 16 F. [2d] 22, 24; *Matter of Ellis, Inc.*, 242 Fed. 156; *Mackay* v. *Randolph Macon Coal Co.*, 178 id. 881, 884.) The trustee does not have the bonds. A trustee of an express trust may enforce the security against the principal obligor only where the indenture is silent as to enforcibility of a guaranty. Here there is no explicit language in either instrument endowing the trustee with power to enforce the guaranty; nor is there any language such as is found in recent issues of bonds, to the disadvantage of bondholders, obstructing the right of the bondholder to enforce directly obligations under a guaranty, and specifically requiring the bondholder to defer to the trustee in the enforcement of guaranty obligations. (*Levenberg* v. *Skouras*, 248 App. Div. 629; *Central Hanover Bank & T. Co.* v. *Siemens & Halske Aktiengesellschaft*, 15 F. Supp. 927; affd., 84 F. [2d] 993; certiorari denied, 299 U. S. 585.)

The plaintiff is not the real party in interest and may not maintain this action.

The affidavit of Hogan, plaintiff's assistant secretary, has no probative force and raises no issue of fact requiring a trial.

The order denying defendant's motion should be reversed on the law, with ten dollars costs and disbursements, and the motion should be granted, with ten dollars costs.

LAZANSKY, P. J., HAGARTY, CARSWELL, TAYLOR and CLOSE, JJ., concur.

Order denying defendant's motion to dismiss the complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.