(June 28, 2011)

■ 627 Acquisition Company, LLC, Appellant, v 627 Greenwich, LLC, et al., Respondents, et al., Defendants. [927 NYS2d 23]—

Order, Supreme Court, New York County (James A. Yates, J.), entered October 15, 2010, which, to the extent appealed from, denied plaintiff's motion for summary judgment and granted defendant Howard Ellins's cross motion to amend his answer, unanimously modified, on the law, to grant so much of plaintiff's motion as sought to dismiss (i) the seventh counterclaim of 627 Greenwich, LLC (borrower) and Peter Moore Associates, KMG Greenwich LLC, 627 Greenwich Management Corp., Stanley E. Kleger, Eric S. Granowsky, Burt W. Miller, KMG Partners LLC, and Peter Moore (managing member defendants) and (ii) the counterclaims of the guarantor defendants (other than Stephen Hasker) insofar as they are based on Petra Mortgage Capital Corp. LLC's (Petra's) alleged misrepresentations to borrower, and otherwise affirmed, without costs.

Plaintiff failed to make a prima facie showing to warrant summary judgment on its causes of action to foreclose two mortgages (*see TPZ Corp. v Dabbs*, 25 AD3d 787, 789 [2006]). With its opening papers, it submitted the mortgages, but they were in favor of nonparty Petra. As proof that it owned the mortgages, plaintiff merely submitted an affidavit by its vice-president,

who said that Petra had assigned the mortgages to nonparty Petra Fund REIT Corp. (Petra REIT), which assigned them to nonparty Royal Bank of Scotland PLC (RBS), which assigned them to plaintiff. Plaintiff only submitted the ·actual assignments with its reply (*see Migdol v City of New York*, 291 AD2d 201 [2002]).

Since defendants ask us to search the record and grant them summary judgment dismissing the foreclosure causes of action, we consider the documents submitted belatedly by plaintiff. We find that plaintiff did not satisfy section 16.1 of the building loan agreement between Petra and borrower. For example, section 16.1 requires an assignment to be "in substantially the form of Exhibit K." Plaintiff failed to submit an assignment of the building loan *agreement* (as opposed to the building loan *mortgage*) from Petra to Petra REIT. It submitted an assignment of the building loan (including the building loan agreement) from Petra REIT to RBS, but that assignment is not in substantially the form of exhibit K. Furthermore, none of the assignments were delivered to borrower, as required by section 16.1 (b).

Plaintiff's claim that it could foreclose on the mortgages as an investor in a secondary market transaction pursuant to section 27.4 of the building loan agreement was improperly raised for the first time on reply and will not be considered (*see e.g. Meade v Rock-McGraw, Inc.*, 307 AD2d 156, 159 [2003]).

Nevertheless, summary judgment dismissing the foreclosure causes of action is not warranted. In its complaint, plaintiff does not limit itself to a particular section of the building loan agreement; it alleges more generally that it was the successor by assignment from Petra. As the motion court noted, there are other provisions of the building loan agreement and mortgages besides sections 16.1 and 27.4 that might allow plaintiff to foreclose.

The court correctly denied the portion of plaintiff's motion that sought to dismiss borrower's counterclaims, except for the seventh counterclaim. Since plaintiff did not comply with section 16.1, it cannot take advantage of the portion of section 16.1 (a) that says, "All the rights and remedies of Borrower in connection with the interest so assigned shall be enforceable against the Permitted Assignee *except for Lender's delinquencies in performing its obligations prior to assignment*" (emphasis added). With respect to section 21.13, in light of the affidavit submitted by defendant Saif Sumaida and all inferences that can be drawn in favor of the nonmovants, there is an issue of fact as to when borrower first had knowledge of the event that gave rise to its claim.

The borrower's and managing member defendants' sixth, seventh, and eighth counterclaims sound in fraud. While RBS "had no communications with [the borrower and managing member defendants] in connection with their *entering into* the Loan Documents and the Guarantees" (emphasis added), this does not bar the eighth counterclaim, which alleges, *"During the term* of the Loan Agreements, plaintiff, as Assignee, or through its predecessors-in-interest, Petra, Petra REIT and RBS, represented to Answering Defendants that it was capable of funding the Obligations" (emphasis added), or the sixth counterclaim, which relies on representations made by *Petra* prior to the execution of the loan agreements.

The representation that a party is "capable of funding the Obligations" is a statement about a present fact; thus, the sixth and eighth counterclaims are sufficient. However, the seventh counterclaim alleges that Petra "had the undisclosed and preconceived intention *not to perform* under the Loan Agreements," without alleging facts to show that Petra never intended to perform, and therefore could not convert the breach of contract cause of action into a fraud cause of action (*Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 118 [1998]; *see also Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1988]).

Since plaintiff did not establish that it could enforce the principal obligation, it was not entitled to summary judgment on the guarantees, which are accessory obligations (*see Security-First Natl. Bank of Los Angeles v Lloyd-Smith*, 259 App Div 220, 221 [1940], *affd* 284 NY 795 [1940]). Furthermore, the guarantees are in favor of the administrative agent, and plaintiff failed to comply with section 20.20 of the building loan agreement (concerning successor administrative agents). Nevertheless, plaintiff may be able to prove in the future that it is a successor administrative agent, so we decline the guarantor defendants' request to dismiss plaintiff's claims under the guarantees.

All the guarantees—even the version that Ellins claims he signed—say that they are absolute and unconditional and that the guarantor waives any defenses that the borrower might have against the administrative agent and the lender. Therefore, the guarantor defendants (other than Hasker, who maintains he never signed a guaranty) should not be allowed to assert fraud in the inducement based on Petra's alleged misrepresentations to the borrower (*see Citibank v Plapinger*, 66 NY2d 90 [1985]; *Raven El. Corp. v Finkelstein*, 223 AD2d 378 [1996], *lv dismissed* 88 NY2d 1016 [1996]).

Contrary to plaintiff's claim, Hasker submitted "more than a bald assertion of forgery" (*Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]), and thus raised a triable issue of fact in opposition to plaintiff's motion.

The motion court appropriately allowed Ellins to amend his answer (*see e.g. Mezzacappa Bros., Inc. v City of New York*, 29 AD3d 494 [2006], *lv denied* 7 NY3d 712 [2006]). Plaintiff claims no prejudice or surprise arising from the amendment.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Gonzalez, P.J., Tom, Andrias, Renwick and Abdus-Salaam, JJ.