■ H. & L. ELECTRIC INC., Respondent-Appellant, v MIDTOWN EQUITIES LLC et al., Defendants, and 55 WATER LLC et al., Appellants-Respondents. [58 NYS3d 347]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 29, 2016, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Midtown Equities LLC, HK Organization LLC, Rockwood Capital, LLC (collectively the Midtown defendants) and 55 Water LLC (55 Water) to dismiss the fraud claim as based on a nonactionable statement of future intent, but denied dismissal of the unjust enrichment, quantum meruit, and promissory estoppel claims as to 55 Water; and order, same court, Justice, and date of entry, which, insofar as appealed from, granted the motion of defendants Milagros and Associates LLC, H&H Builders, Inc., and Steven Wilkowski (the Wilkowski defendants) to dismiss the fraud claim, denied their motion to dismiss the unjust enrichment, quantum meruit, and promissory estoppel claims, and denied plaintiff's cross motion for leave to amend the complaint to add Harco Construction, LLC as a defendant to the fraud claim, unanimously affirmed, without costs.

Plaintiff is an electrical company that bid for work on the restoration and redevelopment of several historic warehouses in Brooklyn. 55 Water is the developer of the project. The Midtown defendants are also alleged to be project developers. The Wilkowski defendants are affiliated with the firm retained by 55 Water as construction manager.

Plaintiff alleges that it performed substantial work to develop a cost-efficient electrical design for the project based on the expectation that it would receive the contract to perform the work, but that the contract was ultimately awarded to another firm. Plaintiff now seeks to recover for the value of the

services performed or, alternatively, the amount of the cost-savings achieved by defendants due to incorporation of its designs.

The motion court correctly dismissed the fraud claim, as plaintiff failed to allege facts supporting an inference that defendants had no intention of fulfilling their promise to confer a future benefit at the time it was made (*see 627 Acquisition Co., LLC v 627 Greenwich, LLC*, 85 AD3d 645, 647 [1st Dept 2011]; *Braddock v Braddock*, 60 AD3d 84, 89 [1st Dept 2009]).

The motion court also correctly denied the motion to dismiss the quasi-contractual claims. The reasonableness of plaintiff's expectation of compensation for services rendered raises an issue that is not capable of being resolved at this stage (*see Farina v Bastianich*, 116 AD3d 546, 548 [1st Dept 2014]). Contrary to defendants' argument, plaintiff is not seeking expenses based on failed negotiations, which would not provide for recovery in quasi contract. Rather, and as alleged in the complaint, plaintiff was promised that it would receive compensation, in the form of being awarded the contract for the project, for the consulting services rendered over the course of a year. Additionally, plaintiff alleges that it previously worked with defendants on two separate projects based on the "understanding that Plaintiff would be compensated from the fees earned on the contract." Indeed, plaintiff further alleges that it was in fact awarded the contract in both those instances.

Defendants' argument that plaintiff, which is not a licenced engineering firm, is barred from recovering in quasi contract because electrical design work requires an engineering license pursuant to Education Law § 7202, is unavailing. Although it is generally true that, "[w]here the company performing the work is not licensed, it is precluded from recovering for the work performed either pursuant to contract or in quantum meruit" (*Charlebois v Weller Assoc.*, 72 NY2d 587, 593 [1988]), this is not an absolute rule. Recognizing that "forfeitures by operation of law are strongly disfavored," this Court has embraced a "commonsense approach," making fact-specific determinations as to whether the public policy underlying the Education Law—"to protect the public health and safety"—is furthered by complete avoidance of the contract at issue (*id.* at 592-595). Additionally, parties' "efforts to use that concept as a sword for personal gain rather than a shield for the public good should not be countenanced in the name of the Education Law public policy" (*id.* at 595). Here, although plaintiff is not a licensed engineering firm, plaintiff has alleged that a professional engineer was sufficiently involved to satisfy the public

policy underlying the Education Law and render recovery permissible.

We have considered the remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.