Elhanani v Kuzinez (2019 NY Slip Op 04042)





Elhanani v Kuzinez


2019 NY Slip Op 04042


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


9403 655350/17

[*1]Eran Elhanani, et al., Plaintiffs-Appellants,
v
Boris Kuzinez, et al., Defendants-Respondents.


Kishner Miller Himes P.C., New York (Elizabeth Tobio of counsel), for appellants.
Loeb & Loeb LLP, New York (Sara Crisafulli of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about March 30, 2018, which granted with prejudice defendants' motion to dismiss the complaint, unanimously reversed, on the law, and the motion denied, with costs.
The complaint sufficiently states a claim for breach of contract as it asserts all material and essential terms of the contract (see Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 482 [1989]). The complaint alleges that plaintiff Eran Elhanani, a real estate broker, and defendant Boris Kuzinez, a real estate developer, entered into an oral agreement pursuant to which Elhanani would lower his commission rate from the industry standard of 3% to 1% in exchange for exclusive rights to broker sales of residential luxury apartments to be developed in a building purchased by Kuzinez. Pursuant to the contract, Elhanani also agreed to promote the units by partnering with a national real estate sales and marketing agency approved by defendants. The complaint alleges that defendants accepted plaintiffs' services, which included free consulting based on the alleged agreement, for almost two years, "[b]ut once they had obtained the benefits of the bargain," defendants fired plaintiffs and refused to pay them anything for their work.
Plaintiffs' failure to identify in the complaint the specific national real estate sales and marketing agency with which plaintiffs were going to partner, along with the terms of such partnership, is not fatal to plaintiffs' breach of contract claim. The alleged contract would imply a covenant of good faith and fair dealing pursuant to which plaintiffs would propose reasonable entities and defendants would reasonably accept or reject those proposals (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]). As to the entity's compensation, that would be between plaintiffs and the third-party entity. As to the start and end date of the agreement, it can be inferred from the allegations in the complaint that plaintiffs' commissions on the sales of units would commence when the units were either completed or listed for pre-construction sale, and would end when the units were sold, as plaintiffs allege an exclusive agreement for such sales. With regard to the identity of the promisor, the complaint indicates that all negotiations and interactions were with defendant Kuzinez. Whether Kuzinez was negotiating on his own behalf, or on behalf of one or both of his companies, is a question of fact.
The complaint should not have been dismissed pursuant to the statute of frauds. As an initial matter, defendants did not move to dismiss based on the statute of frauds and plaintiffs were not afforded the opportunity to address the issue (see Greene v Davidson, 210 AD2d 108 [1st Dept 1994], lv denied 85 NY2d 806 [1995]). Moreover, the statute of frauds is inapplicable here as General Obligations Law § 5-701(a)(10) specifically exempts contracts to pay compensation to licensed real estate brokers, which is the type of contract alleged by plaintiffs.
The declaratory judgment cause of action, which seeks a declaration that plaintiffs have the right to serve as exclusive broker for all residential sales for the subject development, should be reinstated based on our finding that the complaint sufficiently alleges a claim for breach of contract.
Additionally, the quantum meruit, unjust enrichment, and promissory estoppel claims state causes of action. As to quantum meruit, the complaint alleges that plaintiffs provided services to defendants at a reduced cost or no cost, based on the promise
of the oral agreement (see Soumayah v Minelli, 41 AD3d 390, 391 [1st Dept 2007], appeal withdrawn 9 NY3d 989 [2007]; H. & L. Elec. Inc. v Midtown Equities LLC, 151 AD3d 660, 661 [1st Dept 2017] ["The reasonableness of plaintiff's expectation of compensation for services rendered raises an issue that is not capable of being resolved at this stage"]). As to unjust enrichment, the complaint alleges that plaintiffs provided services and value outside their role as broker and that it is against equity and good conscience to allow defendants to retain the value of those services (see Farina v Bastianich, 116 AD3d 546, 548 [1st Dept 2014]). As to promissory estoppel, the complaint alleges that defendants promised plaintiffs that they would serve as exclusive broker and that, in reasonable reliance on that promise, plaintiffs agreed, among other things, to substantially reduced commissions (see MatlinPatterson ATA Holdings LLC v Federal Express Corp., 87 AD3d 836, 841-842 [1st Dept 2011], lv denied 21 NY3d 853 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK