Dime Community Bank v Brigade Holdings, Inc. (2025 NY Slip Op 01788)

Dime Community Bank v Brigade Holdings, Inc.

2025 NY Slip Op 01788

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-05605
2025-02589
 (Index No. 615925/21)

[*1]Dime Community Bank, etc., respondent, 
v
Brigade Holdings, Inc., et al., defendants, William Bethell, appellant.

William Bethell, Massapequa Park, NY, appellant pro se.
Jaspan Schlesinger Narendran LLP, Garden City, NY (Christopher D. Palmieri of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant William Bethell appeals from (1) an order of the Supreme Court, Nassau County (Francis Ricigliano, J.), entered May 3, 2023, and (2) a judgment of the same court entered July 21, 2023. The order granted the plaintiff's motion for summary judgment on the complaint and dismissing the defendants' affirmative defenses and counterclaims. The judgment, upon the order, is in favor of the plaintiff and against the defendants in the total sum of $2,452,582.36 and dismissing the defendants' counterclaims. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501[c]).
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the appeal from so much of the judgment as is in favor of the plaintiff and against the defendants Brigade Holdings, Inc., and Falcon Lighting, Inc., in the total sum of $2,452,582.36 is dismissed, as the defendant William Bethell is not aggrieved by that portion of the judgment (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action against the defendants, William Bethell, Brigade Holdings, Inc. (hereinafter Brigade), and Falcon Lighting, Inc. (hereinafter Falcon), inter alia, to recover on a promissory note and a personal guaranty on the note. Bethell is the founder, owner, and chief operating officer of Brigade and Falcon. Brigade and Falcon executed and delivered a [*2]promissory note in favor of the plaintiff's predecessor in interest, BNB Bank. Bethell executed and delivered an unconditional guaranty of payment of the note. Brigade and Falcon thereafter defaulted under the note by failing to make payments.
Thereafter, the plaintiff moved for summary judgment on the complaint and dismissing the defendants' affirmative defenses and counterclaims. The defendants opposed the motion. In an order entered May 3, 2023, the Supreme Court granted the plaintiff's motion. On June 21, 2023, a judgment was entered, upon the order, in favor of the plaintiff and against the defendants in the total sum of $2,452,582.36 and dismissing the defendants' counterclaims. Bethell appeals.
The Supreme Court did not err in granting the plaintiff's motion for summary judgment on the complaint and dismissing the defendants' affirmative defenses and counterclaims. The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence of the existence of an underlying promissory note and a personal guaranty, and the defendants' failure to make payment in accordance with the terms of those instruments (see Empire Natl. Bank v Genard Group, Inc., 170 AD3d 959, 960; Cadlerock Joint Venture, L.P. v Homesell, Inc., 136 AD3d 853, 854; JPMorgan Chase Bank, N.A. v Business Payment Sys., LLC, 127 AD3d 822).
The defendants failed to raise a triable issue of fact in opposition. The defendants failed to show that either the Small Business Administration (hereinafter SBA) standard operating procedures or 13 CFR 120.180 required the plaintiff, as part of its obligation to service the loan, to extend the defendants a line of credit, or to permit the defendants to obtain an additional line of credit with another lender and/or agree to subordinate its rights in the collateral. In any event, the plaintiff did in fact permit the defendants to obtain a line of credit from another lender and subordinated its rights in the collateral to that lender.
Furthermore, while the defendants alleged that the plaintiff sent false and erroneous default letters to the defendants' vendors while the SBA was making loan payments, directly causing a number of vendors and clients to cease working with the defendants and accelerating their default, the defendants failed to submit any evidence that the plaintiff sent notices of late payment to any competitors or vendors. The defendants failed to raise a triable issue of fact as to whether any conduct of the plaintiff caused or contributed to the default.
Moreover, as the guarantor of the loan, Bethell signed an unconditional guaranty in which he waived defenses based upon any claim, inter alia, that the lender made errors or omissions in the administration of the loan (see 627 Acquisition Co., LLC v 627 Greenwich, LLC, 85 AD3d 645, 647; General Trading Co. v A & D Food Corp., 292 AD2d 266, 267).
Bethell's contentions that the affidavit of merit and statement of material facts submitted by the plaintiff were defective are improperly raised for the first time on appeal (see U.S. Bank N.A. v Sallie, 215 AD3d 714, 716; Maestri v Pasha, 198 AD3d 632, 635; Preciosa USA, Inc. v Weiss & Biheller, MDSE, Corp., 127 AD3d 1156, 1156).
IANNACCI, J.P., GENOVESI, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court